This appeal arises out of a controversy as to whether a final judgment rendered by the District Court of Jefferson County contained a clerical error or a judicial error.
The case arose when Susan Ullery filed suit against Southern Haulers, Inc., John Karmel Ward, and other fictitious defendants alleging property damage due to a traffic accident. A collision had occurred between Ullery and a Southern Haulers truck driven by their employee, Ward. Later Ullery amended her complaint to include an allegation that she had also suffered personal injuries.
A trial was held in the district court. At that trial Ward and Southern Haulers were represented by an attorney furnished by their insurance carrier. Judgment was rendered in favor of Ullery in the amount of $750. The final judgment, however, merely stated that the judgment was rendered in favor of the plaintiff against the defendant for $750. There was no designation of which defendant the judgment was against. There was no appeal from this judgment.
Over a year after the judgment in the district court, Ward and Southern filed a motion for relief from judgment under A.R. C.P. 60 (b)(4) and (6) in that same court. Southern and Ward alleged that the district court's judgment was void due to a lack of certainty.
At a hearing on this motion the district court judge found that he had made a clerical error by not adding an "s" to the word "defendant" in the final judgment. He also stated that he was striking all the fictitious defendants from the suit. Ward and Southern appealed to the circuit court the denial of their 60 (b) motion and the granting of a 60 (a) motion to correct a clerical error.
Several issues were raised in the appeal to the circuit court. During the pendency of the appeal, the parties agreed that the issue of whether the district court had made a clerical or judicial error was solely a question of law. As a result the parties agreed to perfect a direct appeal to this court from the district court judgment on this legal question.
Section 12-12-72, Code 1975, provides for a direct appeal to this court when only a question of law is involved and where the district court certifies the question. In the present case the attempt to certify this question directly to this court was done after an appeal had already been properly perfected in the circuit court. Such procedure is improper, and the appeal to this court must be dismissed.
Once an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal.Osborn v. Riley, 331 So.2d 268 (Ala. 1976). In the case at bar an appeal was taken to the circuit court where a de novo trial would be given the parties. It was during the pendency of this appeal that the parties asked the district court to certify as a question of law one of the issues that was before the *Page 798 
circuit court so that they could bypass the circuit court and get a ruling directly from this court. Clearly, however, at this point the district court had lost jurisdiction to take any such action.
Once an appeal was taken to the circuit court the district court lost jurisdiction to certify one of the issues in that appeal for a direct appeal to this court. Certainly this issue was not collateral to the appeal to the circuit court so as to allow the district court to continue to exercise jurisdiction. As a result we find that the appeal to this court was improper.
The issue raised has been properly appealed to the circuit court, and it is for that court to rule on the question. Having found that the district court had lost any authority to certify this question for direct appeal, the appeal must be dismissed.
APPEAL DISMISSED.
WRIGHT, P.J., and HOLMES, J., concur.