The dispositive issue for decision by this court is whether Rule 59.1, Alabama Rules of Civil Procedure, is applicable in this case.
Brenda B. Colburn and Daniel L. Colburn were divorced by order of the Tuscaloosa County Circuit Court on June 6, 1986. On July 3, 1986 Mr. Colburn filed a motion pursuant to Rule 59 requesting that the court set aside its earlier judgment and grant him a new trial.
Although a hearing was held on Mr. Colburn's motion on August 21, 1986, no action was taken by the court until January 5, 1987 when the court amended its previous judgment of June 6, 1986. The court then amended the judgment a second time on January 29, 1987.
Mrs. Colburn appeals, asserting that pursuant to A.R.Civ.P. 59.1 Mr. Colburn's motion for new trial was overruled by operation of law ninety days after its filing, i.e. the trial court lost jurisdiction over the matter ninety days after July 3, 1986. Consequently, Mrs. Colburn urges that the trial court erred in amending the divorce judgment on January 5, 1987 and again on January 29, 1987.
We agree.
The language of A.R.Civ.P. 59.1 is clear:
 "A failure by the trial court to dispose of any pending post-judgment motion within *Page 267 
the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
The record supports the conclusion that Mr. Colburn's Rule 59 motion was overruled by operation of law on October 1, 1986. A.R.Civ.P., Rule 59.1. The Rule 59 motion was filed on July 3, 1986. The ninety day period provided by Rule 59.1 within which a ruling must be made on such motion expired on October 1, 1986. There was no ruling on the motion until January 5, 1987. Consequently, the trial court's orders of January 5 and 29, 1987 were a nullity because the court was without jurisdiction over the matter after October 1, 1986. Leathers v. Gover,447 So.2d 810 (Ala.Civ.App. 1984).
Mrs. Colburn appealed to this court contending that the January 5 and 27 orders were void and we have agreed with her. However, a void judgment will not support an appeal. Guy v.Southwest Alabama Council on Alcoholism, 475 So.2d 1190
(Ala.Civ.App. 1985). Consequently, Mrs. Colburn's appeal must be dismissed.
Mrs. Colburn's request for an attorney's fee is denied.
APPEAL DISMISSED.
HOLMES and INGRAM, JJ., concur.