BRADLEY, Presiding Judge.
This is a divorce case.
The parties were divorced on April 12, 1987 by decree of the Circuit Court of Walker County, Alabama. The court amended its decree on May 12, 1987, and the postjudgment motions of the parties were denied on June 25, 1987. The wife appeals.
The wife’s sole issue on appeal is that the parties entered into an agreement for the settlement of the case and the trial court erred by entering a decree contrary to the terms of the agreement.
We have carefully searched the record and have failed to find any agreement of the parties concerning the settlement of the case. Moreover, the trial court in its original decree and in its amended decree stated that it was basing its findings on testimony heard by the court. Additionally, although the attorney for the wife stated at the hearing on the postjudgment motions that an agreement had been reached by the parties, the attorney for the husband denied that there was such an agreement.
In the absence of an agreement by the parties, the trial court properly based its judgment on the testimony and other evidence presented to it. See, Birmingham Southern R. Co. v. McDonald, 339 So.2d 1004 (Ala.1976); Linderman v. Linderman, 49 Ala.App. 662, 275 So.2d 342 (1973). However, if there had been an agreement of the parties, the trial court was not bound to incorporate it into its decree. A trial court may incorporate an agreement into its decree or it may reject it in whole or in part. Bass v. Bass, 434 So.2d 280 (Ala.Civ.App.1983).
No issue having been raised as to the sufficiency of the evidence to support the decree, the judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.