INGRAM, Presiding Judge.
The dispositive issue is whether this case is due to be dismissed for failure to timely file a notice of appeal.
The trial court entered a final judgment on December 22, 1988. On January 13, 1989, the plaintiff filed two posttrial motions, both of which were denied by operation of law on April 13, 1989. Rule 59.1, Alabama Rules of Civil Procedure.
We note that the trial court entered an amended order on May 23, 1989; however, that order is a nullity. As noted above, the plaintiff’s posttrial motions were deemed denied on April 13, 1989. Rule 59.1, A.R.Civ.P. Therefore, the trial court lost jurisdiction over the matter. Colburn v. Colburn, 510 So.2d 266 (Ala.Civ.App.1987). The forty-two day time period from which to appeal began on April 13, 1989. Colburn, supra. Thus, the September 13, 1989, and September 22, 1989, appeal and cross appeal to this court came too late, and we have no alternative but to dismiss them.
We also point out that the trial court lost jurisdiction to enter the May 23, 1989, order for another reason. The plaintiff filed a notice of appeal to the supreme court on May 3, 1989. This notice stated that the plaintiff was appealing from the December 22, 1988, order and the April 13, 1989, denial of the postjudgment motions by operation of law.
Clearly, once an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal. Ward v. Ullery, 412 So.2d 796 (Ala.Civ.App.1982). Therefore, as the notice of appeal was filed on May 3, 1989, the trial court was without jurisdiction to enter the May 23, 1989, order. We do note that on May 31, 1989, the plaintiff withdrew his notice of appeal to the supreme court. Nevertheless, the May 23, 1989, order is void and will not support an appeal. Col-burn, supra. The only valid order from which to appeal is the December 22, 1988, order and, as noted above, this appeal came too late.
APPEALS DISMISSED.
RUSSELL, J., concurs.
ROBERTSON, J., not sitting.