RUSSELL, Judge.
On March 9, 1990, the trial court entered a final divorce decree, which was amended by the court’s own initiative on March 16, 1990, pursuant to Rule 60(a), Alabama Rules of Civil Procedure. On April 3,1990, the appellee (wife) filed a motion to alter, amend, or vacate the divorce decree. The trial court conducted a hearing on the wife’s motion on May 3,1990, but issued its amended decree on August 1, 1990', one hundred twenty days after the wife’s motion was filed.
The husband appeals, contending that the amended decree of August 1,1990, is a nullity by operation of Rule 59.1, A.R. Civ.P. We agree and dismiss the appeal.
*1145 The dispositive issue for decision by this court is whether Rule 59.1, A.R.Civ.P., is applicable in this case.
The wife contends that the changes made by the court were corrections made pursuant to Rule 60(a), A.R.Civ.P., and not in response to her Rule 59(e), A.R.Civ.P., motion, asserting that the trial court corrected errors that arose from facts that had been overlooked and/or omitted by the trial court originally and that the court would most definitely have made these corrections even had the wife not made her motion to alter, amend, or vacate the divorce decree.
Our review of the record indicates to the contrary. The court amended the decree of March 9, 1990, on March 16 on its own initiative and properly captioned it “Amended Decree Pursuant to Rule 60(a), ARCP,’’ specifically noting a “clerical error or oversight.”
On April 3, 1990, the wife filed a “Motion to Alter, Amend, or Vacate Divorce Decree,” setting out four different and general grounds, none of which alleged any clerical errors or any errors arising from an omission or oversight. The motion filed by the wife is clearly a Rule 59(e) motion.
The court issued an order on April 12, 1990, setting the motion for a hearing, stating in pertinent part, “The Defendant having moved this Court to alter, amend or vacate the prior divorce decree entered in this cause, and the Court considering the same, is of the opinion that the motion is due to be set_” (Emphasis added.) The hearing was held on May 3, 1990, and the court heard additional testimony and additional evidence. On August 1, 1990, the court issued an amended decree, which stated, in pertinent part, “This cause came to be heard on May 3, 1990, on the Defendant’s Motion to Alter, Amend or Vacate the decree of divorce rendered by the Court on March 9, 1990,” (emphasis added) and further stated that it had “considered carefully the additional testimony and additional evidence presented....”
In its August 1, 1990, amended decree the court made four different and general and substantial changes to the original decree as amended, without reference to words, sections, paragraphs or any reference or inference to indicate it was correcting clerical errors, or errors arising from an omission or oversight. Therefore, we find that the August 1, 1990, amended decree reflects court action under Rule 59(e) and that the trial court clearly issued therein a judgment substantially different from the original decree as amended, which it could not have done under Rule 60(a).
The right to amend a judgment to correct a clerical error does not authorize the court to render a different judgment. Cornelius v. Green, 521 So.2d 942 (Ala.1988). The committee comments to Rule 60(a) state:
“This subdivision deals solely with the correction of clerical errors. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b). Thus the Rule 60(a) motion can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.”
This court has paraphrased this language in reaching a holding to the same effect. Carnes v. Carnes, 365 So.2d 981 (Ala.Civ.App.1978), cert. denied, 365 So.2d 985 (Ala.1979). See also Wilson v. Leck’s 66 Service Station, 513 So.2d 620 (Ala.Civ.App.1987); Mayer v. Mayer, 491 So.2d 249 (Ala.Civ.App.1986).
In view of our finding, we find further that the language of Rule 59.1, A.R.Civ.P., is clear:
“ ‘A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.’ ”
Colburn v. Colburn, 510 So.2d 266, 266-67 (Ala.Civ.App.1987).
The wife’s Rule 59 motion was overruled by operation of law on July 2, 1990. Rule 59.1, A.R.Civ.P. The Rule 59 motion was filed on April 3, 1990. The ninety-day period provided by Rule 59.1 within which a ruling must be made on such a motion expired on July 2, 1990. There was no *1146 ruling on the motion until August 1, 1990. Consequently, the trial court’s amended decree of August 1, 1990, is a nullity because the court was without jurisdiction after July 2,1990. Colburn, 510 So.2d 266. The husband appealed to this court, contending that the amended decree of August 1 was void, and we have agreed with him. However, a void judgment will not support an appeal. Guy v. Southwest Alabama Council on Alcoholism, 475 So.2d 1190 (Ala.Civ.App.1985). Consequently, the husband’s appeal must be dismissed.
APPEAL DISMISSED.
ROBERTSON, P.J., and THIGPEN, J., concur.