Susanne Barbara Mullins, the wife, and Dennis Alan Mullins, the husband, were divorced on June 8, 1998. The trial court's judgment contained a provision dividing the marital property; that provision awarded all the household property to the wife. The husband appealed, arguing that the property division was inequitable and that the court's award of all the household goods to the wife was contrary to the parties' agreement. On July 9, 1999, this court affirmed, without an opinion. Mullins v.Mullins (No. 2980172), ___ So.2d ___ (Ala.Civ.App. 1999) (table).
On September 7, 1999, the husband filed a motion seeking relief from the judgment, relying on Rule 60(b)(1) and (b)(5), Ala.R.Civ.P. The husband alleged that the court's judgment awarding the wife all the household property was erroneous because, he alleged, before the court entered the divorce judgment the parties had entered into an agreement regarding the property division; he contended the court should have enforced that agreement. On September 21, 1999, the trial court granted the husband's motion and entered an order stating that the parties' agreement as to the household goods and personal property was binding and enforceable. The wife filed a postjudgment motion, which was denied by operation of law. See Rule 59.1, Ala.R.Civ.P. The wife appeals, arguing that the trial court's September 21, 1999, judgment was an impermissible modification of the divorce judgment. We agree and reverse.
After the court entered the June 8, 1998, judgment, the parties filed various motions seeking to enforce the judgment or to stay enforcement of the judgment. In November 1998, the husband actually filed a motion asking the court to clarify a portion of the June 8, 1998, judgment. In none of these motions did the husband raise or address the court's award of all the household goods to the wife or complain that the court had failed to enforce the parties' agreement.
The husband's brief basically states that the trial court was obligated to incorporate into its judgment the parties' property settlement. However, a trial court is not obligated or forced to recognize the parties' property settlement. Hoobler v.Hoobler, 521 So.2d 1336 (Ala.Civ.App. 1988). Although an agreement may be binding upon the parties, it is not binding upon the trial court and the trial court may accept it or reject it.Id.; Porter v. Porter, 441 So.2d 921 (Ala.Civ.App. 1983); seealso Landis v. Neal, 374 So.2d 275 (Ala. 1979).
Under Rule 60(a), a trial court may amend a judgment to correct a clerical error. Thorsen v. Thorsen, 406 So.2d 949
(Ala.Civ.App. 1981) (trial court properly amended its judgment to incorporate the parties' settlement agreement; the parties and the court had considered the agreement part of the judgment and had complied with the agreement for over two years). However, while it authorizes a court to amend a judgment to correct a clerical error, Rule 60(a) does not authorize the court to render a different judgment. Hurst v. Hurst, 582 So.2d 1144
(Ala.Civ.App. 1991).
A trial court possesses an inherent power over its own judgments that enables it to interpret, implement, or enforce those judgments. Patterson v. Patterson, 518 So.2d 739
(Ala.Civ.App. 1987). Generally, a property provision in a divorce judgment is not modifiable more than 30 days after the judgment is entered. Martin v. Martin, 656 So.2d 846, 848 (Ala.Civ.App. 1995). However, if the court finds that a provision dividing property is ambiguous, the court has the power to clarify the judgment, and such a clarification is not considered a modification. Williams v. Williams, 591 So.2d 879
(Ala.Civ.App. 1991). "This court has held that although a divorce judgment is final for the purpose of appeal, it may also be interlocutory in nature `insofar as necessary to implement or enforce the provisions as to *Page 626 
final disposition of the property.'" Grayson v.Grayson, 628 So.2d 918, 919 (Ala.Civ.App. 1993), quoting Haneyv. Haney, 50 Ala. App. 79, 81, 277 So.2d 356, 358 (Ala.Civ.App. 1973).
The husband contends that the parties' agreement, dividing the household goods and other personal property, was presented by the wife as an exhibit at trial. The husband argues that the trial court simply made an oversight in not incorporating the agreement into its June 8, 1998, judgment and, instead, awarding the wife all the household goods. The husband contends that in the September 21, 1999, judgment, the court merely corrected what he calls a "clerical error" of omitting to incorporate the agreement.
In the divorce judgment, the court awarded the wife all the household goods. In the September 21, 1999, judgment, the court ordered that the household goods be divided in accordance with an agreement. The trial court's September 21, 1999, order substantially changes the property division in the divorce judgment. We cannot say this change was only a clarification or an enforcement of the divorce judgment. The trial court had no jurisdiction to modify the property division in the divorce judgment. Thus, the court's September 21, 1999, judgment was an impermissible modification of the divorce judgment.
The judgment is reversed, and the case is remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
Robertson, P.J., and Yates, Crawley, and Thompson, JJ., concur.