PER CURIAM.
In an action to domesticate a foreign judgment, if the plaintiff lists the original judgment creditor instead of the assignee of the original judgment creditor, in accordance with § 6-9-223(a), Ala.Code 1975 (a portion of the Uniform Enforcement of Foreign Judgments Act), does that fact defeat the attempt to domesticate the judgment? This is the single issue presented in this appeal.
*231 The Federal Deposit Insurance Corporation (“FDIC”), as receiver for Audubon Federal Savings and Loan Association, obtained a judgment against Edward C. Lag-man (and other defendants) in the United States District Court for the Northern District of Florida on June 28, 1990. On March 9, 1999, the FDIC recorded the foreign judgment in Alabama, pursuant to our Uniform Enforcement of Foreign Judgments Act, § 6-9-230 et seq. In connection with the domestication of the judgment, Craig S. Pittman filed an affidavit in which he stated that he was the lawyer representing the FDIC and that the FDIC was the judgment creditor; in fact, the judgment had been assigned to Quantum Capital, Inc., on November 18, 1998.
Lagman filed a “Motion to Stay Enforcement of Foreign Judgment and Relief from Foreign Judgment,” on April 14, 1999. On the following day, the FDIC began a process of garnishment against all bank accounts on which Lagman’s name appeared. The FDIC paid in to the court all funds it held in all accounts in Lag-man’s name. These included funds in the joint account Lagman held with his wife, as well as funds in the accounts of his two children. The FDIC filed a response to Lagman’s motion, stating that the FDIC had been named as plaintiff through excusable error and that the judgment had in fact been assigned to Quantum Capital. The court denied Lagman’s motion on June 11, 1999.
It is undisputed that the FDIC assigned the judgment to Reliant Group, L.P., as of July 3, 1996, and that Reliant Group assigned the judgment to Quantum Capital, Inc., on November 18, 1998. FDIC filed a motion to substitute, asking the trial court to designate Quantum Capital as the plaintiff in this action. The trial court, on October 6, 1999, entered an order purporting to grant the motion to substitute. However, Lagman had filed a notice of appeal to this Court on July 23, 1999, from the June 11, 1999, order denying his motion to stay enforcement of the judgment. We must conclude that the trial court had no jurisdiction to enter its October 6, 1999, order. See Foster v. Greer & Sons, Inc., 446 So.2d 605, 608 (Ala.1984) (“when an appeal is taken the trial court may proceed only in matters entirely collateral to that part of the case which has been taken up by the appeal, but can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court.”).
We reverse the judgment and remand this ease so that the trial judge may properly rule on the motion to substitute. We note that in ruling on that motion the trial judge should consider Rule 17, Ala. R.Civ.P.
REVERSED AND REMANDED.
MADDOX, HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.