On Applications for Rehearing
The opinion of September 13, 2002, is withdrawn and the following is substituted therefor.
Robert E. Pate ("the husband") filed a complaint seeking a divorce from Rose Marie Pate ("the wife"). No children were born of the parties' marriage. The trial court conducted an ore tenus hearing. On November 16, 2001, the trial court entered a judgment in which it, among other things, divorced the parties, divided the marital property, and awarded the wife alimony. Both parties filed postjudgment motions. On February 20, 2002, the trial court entered a postjudgment order in which it modified the alimony provision of the November 16, 2001, divorce judgment. The wife appealed.
After the wife appealed, the husband filed a "motion to clarify" the trial court's February 20, 2002, postjudgment order. The husband then filed a cross-appeal in this court. On May 1, 2002, the trial court purported to enter an order in response to *Page 974 
the husband's motion to clarify; on May 13, 2002, the trial court clarified its intentions with regard to the May 1, 2002, order. The May 1, 2002, and May 13, 2002, orders are hereinafter collectively referred to as the "May 2002 orders." The wife amended her notice of appeal to include a challenge of the May 2002 orders. The husband purported to amend his notice of appeal, but he raised no new issue in his "amended notice of cross appeal."
The record indicates that the parties were married for 13 years and that their marriage was tumultuous. Both parties have children from previous marriages.
The wife was 53 years old at the time of the hearing in this matter. She receives $550 per month in Social Security disability income. The wife testified that she has a heart condition that prevents her from lifting and working and that she has a "cervical spine disease" and carpal tunnel syndrome. The wife testified that she was, at the time of the hearing, living with her son. She testified that she intended to establish her own residence and that she expected her monthly expenses to total approximately $2,490.
The husband, who was 73 years old at the time of the hearing, has had three strokes and three heart attacks, and he has undergone open heart surgery. In addition, the husband has diabetes. Both parties take a number of medications each day for their health conditions.
The parties each accused the other of physical abuse and drinking to excess during the course of the marriage. Though the wife accused the husband of various acts of abuse, the husband denied ever injuring the wife. The wife admitted to separate incidents in which she threw objects at the husband, discharged a firearm during an argument with the husband, and ran over the husband in her vehicle, breaking his leg. A detailed recitation of each parties' versions of those incidents and other violent encounters between them would serve no useful purpose.
During their separation, the parties divided most of the major marital assets. The parties had purchased the marital home, free of indebtedness, after the husband sold various assets of the business he owned before he retired. The parties each testified that they had agreed to divide the proceeds from the sale of the marital home equally, but that the wife initially refused to agree to sell the home for less than $229,900, the price at which the home was listed on the market. The parties received an offer somewhat lower than $229,900, and they agreed to accept that offer on the condition that the husband "take the loss" on the sale of the home. The husband received $99,680 in proceeds from the sale of the home, and the wife received $110,000. The husband also paid for the repairs necessary to effect the sale of the home.
The parties also equally divided a $70,000 certificate of deposit. The wife had possession of a 2000 Mercury Villager van; she paid the $435 payment each month on the indebtedness secured by that vehicle. The husband had possession of his 1991 truck; the record does not indicate if that vehicle was subject to indebtedness. At the time of the trial, the wife had all of the parties' furniture and appliances; the husband had his personal belongings and his clothes. The husband valued the parties' furniture at $26,800. The wife declined to give her opinion of the value of the furniture.
The husband receives $1,250 in monthly income from Social Security. He also receives $1,500 per month in rental income from some property he owns, for a total monthly income of $2,750. The husband *Page 975 
presented evidence indicating that his monthly living expenses total $2,059.
The wife contends that the taxes and insurance for that rental property were paid from the parties' joint accounts. However, the husband testified that he paid the insurance and taxes on that property from his own personal account. It appears, however, that the rental income from that property was used for the common benefit of the marriage. See §30-2-51, Ala. Code 1975. The husband testified that he believed the rental property was worth between $150,000 and $200,000.
On appeal, the wife argues that the trial court was without authority to enter its May 2002 orders. We agree. In its November 16, 2001, judgment, the trial court awarded each party the property already in his or her possession, and it awarded the wife $250 per month in periodic alimony. In its February 20, 2002, postjudgment order, the trial court modified the alimony provision to provide that "[the wife] shall be awarded a judgment in the amount of $30,000 payable at $250 per month." Thus, that provision was in the nature of a property division or alimony in gross. See Paulson v. Paulson, 682 So.2d 1060 (Ala.Civ.App. 1996) (discussing the difference between periodic alimony and alimony in gross). The wife filed a notice of appeal. The husband then filed, pursuant to Rule 60(a), Ala.R.Civ.P., his "motion to clarify" the February 20, 2002, postjudgment order; in that motion, the husband asked the trial court to correct the judgment to reflect whether interest was to accrue on the $30,000 judgment in favor of the wife. In May 2002, the trial court purported to enter two orders in response to the husband's motion to clarify. In its May 2002 orders, the trial court purported to once again change the alimony provision to award the wife periodic alimony for 10 years; the trial court stated that the May 2002 orders constituted a "clarification" of the earlier judgments.[1]
However, once a party files a notice of appeal from a judgment of a trial court, "the trial court loses jurisdiction to act except in matters entirely collateral to the appeal." Cosper v. Holloway, 571 So.2d 302,303 (Ala.Civ.App. 1990) (citing Ward v. Ullery, 412 So.2d 796
(Ala.Civ.App. 1982)). See also Lagman v. Federal Deposit Ins. Corp.,789 So.2d 230 (Ala. 2000); Etheredge v. Genie Indus., Inc., 632 So.2d 1324
(Ala. 1994). A trial court retains the authority to interpret, clarify, and enforce its judgments. State Pers. Bd. v. Akers, 797 So.2d 422 (Ala. 2000). However, a motion to correct a judgment pursuant to Rule 60(a), Ala.R.Civ.P., such as the one filed by the husband in this case, "should never be used as a method to revise or extend a judgment so that the judgment would state something which the court did not pronounce, even though such amendment included matters that should have been pronounced."Pierce v. Grant, 652 So.2d 284, 286 (Ala.Civ.App. 1994). A Rule 60(a) motion is designed to correct mechanical mistakes in a judgment; a more substantial error must be corrected through a motion made pursuant to either Rule 59(e), Ala.R.Civ.P., or Rule 60(b), Ala.R.Civ.P. Id.
In this case, the trial court entered the May 2002 orders after the wife had filed *Page 976 
her notice of appeal; therefore, under the foregoing authority, those orders were limited to addressing only clerical or mechanical mistakes and matters entirely collateral to the matters addressed in the judgment from which the appeal was taken. See Pierce v. Grant, supra; Cosper v.Holloway, supra. However, the trial court's May 2002 orders changed the nature of the property division or the alimony-in-gross award set forth in the February 20, 2002, postjudgment order to one awarding periodic alimony. Therefore, the May 2002 orders did more than merely clarify the trial court's previous order; those orders contained modifications that were more substantial in nature than the correction of a mere mechanical mistake and that were not collateral to the issues to be addressed in the wife's appeal. See Pierce v. Grant, supra; Cosper v. Holloway, supra. Therefore, we must conclude that the trial court was without jurisdiction to enter its May 2002 orders.
Given the foregoing, we address the wife's remaining argument and the argument raised by the husband in his cross-appeal as pertaining only to the trial court's November 16, 2001, divorce judgment and the February 20, 2002, order entered before the wife filed her notice of appeal to this court. On appeal, the wife argues that the trial court erred in its property division and alimony award. In his cross-appeal, the husband contends that the trial court erred in awarding the wife "alimony."[2]
We will address these arguments together.
A trial court's determination regarding a property division and an award of alimony is entitled to a presumption of correctness. Parrish v.Parrish, 617 So.2d 1036 (Ala.Civ.App. 1993). That presumption of correctness is based upon the trial court's unique position of being able to observe the witnesses and evaluate their demeanor and credibility.Robinson v. Robinson, 795 So.2d 729 (Ala.Civ.App. 2001). The issues of property division and alimony are interrelated, and they must be considered together. Albertson v. Albertson, 678 So.2d 118 (Ala.Civ.App. 1996). A property division is not required to be equal, but it must be equitable. Golden v. Golden, 681 So.2d 605 (Ala.Civ.App. 1996). In fashioning a property division and an award of alimony, the trial court must consider factors such as the earning capacities of the parties; their future prospects; their ages and health; the length of the parties' marriage; and the source, value, and type of marital property. Robinsonv. Robinson, supra; Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App. 1986). In addition, the trial court may also consider the conduct of the parties with regard to the breakdown of the marriage, even where the parties are divorced on the basis of incompatibility, or, as here, where the trial court failed to specify the grounds upon which it based its divorce judgment. Ex parte Drummond, 785 So.2d 358 (Ala. 2000); Myrick v.Myrick, 714 So.2d 311 (Ala.Civ.App. 1998); Lutz v. Lutz, supra.
Pursuant to the trial court's judgment, each party was awarded the property already in his or her possession. The parties had, before the hearing, divided the proceeds from the sale of the marital home and divided the funds in the certificate of deposit. Thus, the husband had $134,680 in his possession, and the wife had $145,000 in her possession. In addition, the trial court awarded the wife the parties' furniture, valued at $26,800, and $30,000, payable in $250 monthly installments. The trial court awarded the husband the rental property worth approximately $150,000 to $200,000. Thus, in its *Page 977 
judgment, the trial court awarded the husband approximately 60% of the marital estate, and it awarded the wife approximately 40% of the marital estate.
The wife was 53 years old at the time of the hearing, and the husband was 73 years old; the parties had been married for 13 years. Each spouse testified that he or she is currently unable to obtain employment because of his or her health problems. The vast majority of the testimony at the hearing in this matter centered on the parties' allegations of misconduct against each other.
The wife contends that the husband should be required to pay an amount of alimony equal to meet her support needs. The husband argues that given the wife's conduct, he should not be required to pay any alimony. It is well-settled that where a trial court does not make specific factual findings, the appellate courts must assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous. Ex parte Fann, 810 So.2d 631 (Ala. 2001); Exparte Bryowsky, 676 So.2d 1322 (Ala. 1996). The property divisions would appear to favor the husband slightly. However, fault in causing the breakdown of the marriage is a factor the trial court may consider in fashioning its property division and alimony award. Ex parte Drummond, supra. Although the evidence on the issue of the parties' conduct leading up to their separation was by no means undisputed, that evidence would support a conclusion that the wife's conduct contributed to the breakdown of the marriage more significantly than did that of the husband. The trial court is in the best position to observe the parties' demeanor and to make determinations regarding their credibility. Robinson v.Robinson, supra. Given the facts of this case and the factors discussed above, we cannot say that either party has demonstrated that the trial court's property division and alimony award were plainly or palpably wrong. See Ex parte Drummond, supra.
The trial court was without jurisdiction to enter its May 2002 orders; therefore, those orders are void and will not support the wife's appeal. However, in her purported appeal from those orders she raises the same issues she raises in her appeal from the valid November 16, 2001, judgment and the February 20, 2002, postjudgment order. Because the issues raised on her appeal from the invalid May 2002 orders are identical to those raised on her appeal from the valid November 16, 2001, judgment and the February 20, 2002, postjudgment order, we see no reason to dismiss that portion of her appeal taken from the void judgment. We affirm the trial court's November 16, 2001, judgment and its February 20, 2002, postjudgment order.
OPINION OF SEPTEMBER 13, 2002, WITHDRAWN; OPINION SUBSTITUTED; APPLICATIONS OVERRULED; APPEAL — AFFIRMED; CROSS-APPEAL — AFFIRMED.
Yates, P.J., and Pittman, J., concur.
[1] The husband also briefly asserted in his "motion to clarify" that the judgment could be corrected under Rule 60(b), Ala.R.Civ.P. However, an appellate court "will treat a motion (or other pleading) and its assigned grounds according to its substance." King Mines Resort, Inc. v.Malachi Mining Minerals, Inc., 518 So.2d 714, 718 (Ala. 1987). We conclude that the trial court correctly declined to interpret the "motion to clarify" as one made pursuant to Rule 60(b), Ala.R.Civ.P.
[2] In making this argument, the husband incorrectly characterizes the award of $30,000 to the wife, which is payable in monthly installments of $250, as "periodic alimony."