The trial court divorced the parties in 1995. The divorce judgment incorporated an agreement of the parties. Paragraph six of the agreement provided:
 "6. The marital home of the parties is to be placed on the market for sale, immediately. [The husband] agrees to pay to the [wife], after the sale, the sum of Forty Thousand Dollars ($40,000.00) for the reimbursement of her inheritance used to pay on said home. When [the] home is sold, and after the first Forty Thousand Dollars ($40,000.00) is paid to [the wife], then the remaining proceeds [are] to be used to pay off all indebtedness and mortgages, incurred by the parties, including but not limited to credit cards, Finance Companies, etc."
The husband also agreed to pay the mortgage on the marital residence. *Page 148 
On January 5, 1996, the wife petitioned the court to find the husband in contempt, alleging that he had not made the mortgage payments and that he was approximately two months in arrears. The wife also petitioned to modify the divorce judgment, seeking, in part, to have the court require the husband to execute a quitclaim deed to her for the marital residence. The husband also petitioned to modify the judgment and offered to execute the deed, provided that the wife be held liable for the mortgage indebtedness. After a hearing, the court, on July 29, 1996, issued an order finding the husband in contempt and awarding a $40,000 judgment in favor of the wife, divesting the husband of any rights of redemption as to the marital residence.
On August 23, 1996, the husband filed a "Motion for New Trial or, in the Alternative, for Reconsideration". A hearing was held on the motion on September 9, 1996. On October 10, 1996, the trial judge sent a letter to the parties' attorneys, informing them that he was inclined to set aside the July 29, 1996, order. He directed the attorneys to furnish him with certain documents. He concluded the letter with the following directive: "Please get these figures as soon as possible so that ninety days will not run on the motion for new trial." The court entered an order on December 6, 1996 — more than 90 days after the post-trial motion was filed; that order purported to substantially modify the order of July 29, 1996.
The wife appeals from the December 6, 1996, order. We conclude that the December 6, 1996, order is void, because it was entered more than 90 days after the husband had filed his post-trial motion.
It is clear that the husband's post-trial motion was filed pursuant to Rule 59, Ala.R.Civ.P. Greco v. Thyssen MiningConstr., Inc., 500 So.2d 1143 (Ala.Civ.App. 1986). Therefore, the motion was subject to Rule 59.1, Ala.R.Civ.P. Ex parteJohnson Land Co., 561 So.2d 506 (Ala. 1990). Under that rule (and subject to an exception not applicable here), a post-trial motion cannot remain pending for more than 90 days; a motion not ruled upon within 90 days is deemed to be denied by operation of law at the end of the 90th day and the trial court at that point loses its jurisdiction to entertain that motion.Id.
The husband's post-trial motion was filed on August 23, 1996. The 90-day period began to run on that date. The record does not indicate that the parties consented to extend the time allowed for ruling on the motion, nor does it indicate that this court granted an extension of that time. Rule 59.1, Ala.R.Civ.P. Accordingly, the post-trial motion was denied by operation of law on November 21, 1996, making the trial court's order of December 6, 1996, a nullity. Colburn v. Colburn,510 So.2d 266 (Ala.Civ.App. 1987).
The husband argues that the court's letter of October 10, 1996, "conditionally granted" his motion, thereby allowing the court more than 90 days to enter a ruling on the motion. The October 10, 1996, letter is not an "order"; it was not filed with the clerk or entered in the record. We have examined the court's case action summary sheet and find that there was no timely order entered. The letter is merely a request to the attorneys to furnish additional information and an indication that the court intended to enter an order on the motion at a later date.
The court was without jurisdiction to enter any further order after November 21, 1996. The court's December 6, 1996, order is, therefore, a nullity. Ex parte Johnson Land Co., supra.
The order of December 6, 1996, is vacated. The case is remanded for the trial court to reinstate its July 29, 1996, order.[1]
ORDER VACATED; CASE REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.
[1] We recognize that because the purported order of December 6, 1996, is a nullity, the July 29, 1996, order was not set aside or modified, and, thus, that it need not be "reinstated." Nevertheless, this remand will allow the trial court to make the appropriate entries in its records to accurately reflect the status of this case. *Page 149