CRAWLEY, Judge.
John B. Kudulis and Vermelle L. Kudulis were divorced in October 1991. They had two minor children. The divorce judgment provided:
“The [father] shall be responsible for medical and dental insurance and extraordinary medical bills of the children. The [mother] shall be responsible for expenses incurred for normal routine health care and dental bills not covered by insurance.”
In May 1995, the mother filed a petition to modify the judgment, requesting that the trial court order the father to pay the expenses of orthodontic braces for their younger child, which expenses (over $3,000) are not covered by the father’s dental insurance. The mother amended her petition to also request an increase in child support. On March 4, 1997, the trial court increased the father’s child support obligation, but it did not address the issue of the expenses for braces. On April 22,1997, the mother filed a motion requesting the trial court to order the father to pay for the braces. On June 16, 1997, the trial court amended the March 4, 1997, judgment and ordered the father to pay $8,600 for the braces.
The father appeals and argues that the trial court erred by amending the March 4, 1997, judgment. The father contends that the mother’s April 22, 1997, motion is an untimely post-judgment motion pursuant to Rule 59(e), Ala.R.Civ.P., which was not filed within 30 days of the March 4, 1997, judgment.
We agree with the father that a post-judgment motion must be filed within 30 days after the trial court entered the original judgment. Rule 59(e); see also Cornelius v. Green, 477 So.2d 1363 (Ala.1985). At the hearing on the April 22, 1997, motion the trial judge stated that he might have intended to award the mother expenses for the braces but forgot to include that provision in *1256 the March 4,1997, judgment. The trial court stated that if he did forget to include the expenses for the braces, then he would amend the judgment and award those to the mother.
We conclude that the trial court attempted to correct the March 7, 1997, judgment pursuant to Rule 60(a), Ala.R.Civ.P. We conclude that the trial court’s amendment does not satisfy the requirements of Rule 60(a). Rule 60(a) states:
“Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.”
The breadth of Rule 60(a) has been construed as follows:
“[Rule 60(a) ] contemplates the type of error associated with mistakes in transcription, alteration, or omission of any papers and documents — a mistake mechanical in nature which does not involve a legal decision or judgment; for example, errors by the clerk, jury foreman, counsel, a party, or the judge. Continental Oil Co. v. Williams, 370 So.2d 963 (Ala.1979); Busby v. Pierson, 272 Ala. 59, 128 So.2d 516 (1961).”
Michael v. Michael, 454 So.2d 1035, 1037 (Ala.Civ.App.1984) (emphasis added). Chief Justice Torbert expressed concerns with a broad application of Rule 60(a) in Continental Oil Co. v. Williams, 370 So.2d 953 (Ala.1979). He stated:
“[Generally it can be said that the rule allows the correction of errors of a ministerial nature in order to reflect what was actually intended at the time of entry of the order. The rule contemplates the type of error associated with mistakes in transcription, alteration, or omission of any papers and documents a mistake mechanical in nature which does not involve a legal decision or judgment. In re Merry Queen Transfer Corp., 266 F.Supp. 605 (E.D.N.Y.1967). In this respect it has been stated that:
“ ‘Rule 60(a) is concerned primarily with mistakes which do not really attack the party’s fundamental right to the judgment at the time it was entered. It permits the correction of irregularities which becloud but do not impugn it. To that end 60(a) permits, inter alia, reasonable additions to the record. In contrast, Rule 60(b) is concerned with changing a final judgment, etc. In such a case the moving party understandably shoulders a much heavier burden.’
“United States v. Stuart, 392 F.2d 60, 62 (3rd Cir.1968). Corrections involving an exercise of judicial discretion or judgment modifying or enlarging a judgment or order are beyond the purview of Rule 60(a) and should properly be effected under Rule 59(e) or 60(b). “Thus a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.” Wright & Miller, Federal Practice & Procedure § 2854, at 149 (1973). This court has stated:
“ ‘The object of a judgment Nunc pro tunc is not the rendering of a new judgment and the ascertainment and determination of new rights, but is one placing in proper form on the record, the judgment that had been previously rendered, to make it speak the truth, so as to make it show what the judicial action really was, not to correct judicial errors, such as to render a judgment which the court ought to have rendered, in the place of the one it did erroneously render, nor to supply non-action by the court, however erroneous the judgment may have been.’
“Wilmerding v. The Corbin Banking Co., 126 Ala. 268, 273, 28 So. 640, 641 (1900).
“Since a correction pursuant to Rule 60(a) may be made at any time and on the trial court’s initiative, the rule should be cautiously applied to preserve the integrity of final judgments. Otherwise, the finality of a judgment would only be illusory since the possibility would exist of substitution of a new judgment for the original one at a later date. Therefore, it is essential that there be something in the record from which the mistake or error to be corrected *1257 may be gleaned. See Ex parte ACK Radio Supply of Georgia, 283 Ala. 630, 219 So.2d 880 (1969); Busby v. Pierson, 272 Ala. 59, 128 So.2d 516 (1961); Tombrello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125 (1947). Stated differently, the fact of mistake or error must be supported by the record of the proceedings. See Harris v. Harris, 256 Ala. 192, 54 So.2d 291 (1951).”
370 So.2d at 955-56 (Torbert, C.J., concurring specially) (emphasis added).
We conclude that Rule 60(a) does not govern the trial court’s amendment to the March 7, 1997, judgment. The record before us does not contain any evidence “from which the mistake or error to be corrected may be gleaned,” i.e., the record contains neither a transcript of testimony nor any documentary evidence regarding the amount of the braces.
Therefore, the judgment of the trial court amending the March 7, 1997, judgment is reversed and the cause is remanded for proceedings consistent with this opinion.
The father’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., dissents.