The trial court divorced the parties on May 28, 1997. The court awarded the parties joint custody of their three minor children, with the father having physical custody of the children during the school year and the mother having physical custody of the children during the summer. The court ordered that each party pay child support to the other while the children are in the custody of the other. The court also set visitation for each party while the children are in the custody of the other party. Additionally, the court divided the parties' marital debts and property, and ordered the husband to pay the wife $400 per month in rehabilitative alimony.
On June 3, 1997, the husband filed a postjudgment motion for "reconsideration," or, in the alternative, for a new trial, pursuant to Rule 59, Ala.R.Civ.P., requesting the court to "reconsider" its judgment or grant a new trial as to the issues of child custody, the parties' tax liabilities, debt on rental property, alimony, and child support. On that same day, the wife filed a postjudgment motion to alter, amend, or vacate the judgment, pursuant to Rule 59, requesting the court to ensure her summer visitation with the children. Each party filed responses to the other's postjudgment motion. The court, on June 9, 1997, entered an order denying the husband's postjudgment motion as to all issues except the parties' tax liability and rental-property debt. The court granted the husband's postjudgment motion only for the purpose of the court's consideration of the parties' tax liabilities and rental-property debt and set a hearing on those two issues for July 11, 1997. The court did not address the wife's postjudgment motion.
On June 10, 1997, the court set aside its order of June 9, 1997, which denied the husband's postjudgment motion as to all issues except the parties' tax liability and rental-property debt, and ordered that all matters contained in the husband's post-judgment motion would be subject to the motion hearing set for July 11, 1997. On June 18, 1997, the wife moved the court to continue the motion hearing set for July 11, 1997. On June 26, 1997, the court entered an order on the case action summary continuing the hearing on the husband's postjudgment motion until August 7, 1997. On July 24, 1997, the wife's attorney moved to withdraw from the case.
On December 22, 1997, the wife, acting pro se, moved the court for an order requiring the husband to permit the children to visit with her during the Christmas holidays. The court, on December 23, 1997, entered the following order:
 "There is still pending, in the above case the [husband's] motion for reconsideration and for a new trial and motion to clarify. These motions were previously set for hearing and continued and neither party has since moved for a hearing date since 8/7/97. The motion will be denied in 10 days absent some action by either party."[1]
On December 29, 1997, the husband moved the court to set his June 3, 1997, motion for a hearing. The court entered an order setting the motion for a hearing on March 20, 1998.
On March 13, 1998, the wife responded to the husband's postjudgment motion of June 3, 1997, addressing the issues of tax liability, rental-property debt, and rehabilitative alimony. The wife also filed a "cross-motion for new trial" contending that the court erred in awarding the husband physical custody of the children during the school year and that the court erred in its division of the parties' property. On March 18, 1998, the husband moved the court to deny the wife's motion for new trial as being untimely.
On May 8, 1998, the court entered an order purporting to deny all "pending" postjudgment motions, with minor exceptions, and stated that its judgment of May 28, 1997, was final except for the clarification *Page 483 
and minor amendments to its original order regarding child custody, alimony, child support, visitation, tax liability, and property division. The court then set out these amendments and clarifications in its order. On June 8, 1998, the wife moved for a new trial as to the issues of child custody, child support, property division, and visitation. Her motion was clearly untimely. The wife appeals as to the following issues: the trial court's award of custody in its judgment of May 8, 1998, and its division of the parties' property in its judgment of May 28, 1997.
We conclude that the wife's notice of appeal was untimely. A postjudgment motion must be filed with the trial court within 30 days following the court's entry of the original judgment. Kudulis v. Kudulis, 709 So.2d 1255 (Ala.Civ.App. 1998); Rule 59, Ala.R.Civ.P. Rule 59.1, Ala.R.Civ.P., states:
 "No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration period."
Pursuant to Rule 59.1, a postjudgment motion cannot remain pending in the trial court for more than 90 days; a postjudgment motion not ruled upon within 90 days is considered denied by operation of law and the trial court at that point loses its jurisdiction to rule upon the motion. Borders v. Borders, 702 So.2d 147
(Ala.Civ.App. 1997). An extension of this 90-day period must be of record before the expiration of the 90-day period, because any purported extension after 90 days is a nullity. Ex parteCaterpillar, Inc., 708 So.2d 142 (Ala. 1997). An appeal must be taken within 42 days from the entry of the judgment, or within 42 days of the denial of a postjudgment motion, whether by order or by operation of law. Rule 4(a)(1), (3), Ala. R. App. P.; Wall v.Wall, 628 So.2d 881 (Ala.Civ.App. 1993).
The wife's "cross-motion for new trial," filed on March 13, 1998, objecting to the court's award of custody and division of property in its judgment of May 28, 1997, was untimely. The wife had 30 days from the entry of the judgment to file a postjudgment motion relating to the issues of child custody and property division but failed to do so. If she did not file a timely postjudgment motion relating to these issues, then she had 42 days from the date the judgment was entered in which to appeal. Thus her notice of appeal, filed on October 13, 1998, is untimely.
The only timely postjudgment motion relating to the issue of child custody was filed by the husband. The 90-day period allowed for a ruling on this motion began to run on June 3, 1997, the day the husband filed his post-judgment motion. The court entered an order on June 9, 1997, denying that motion, except as to the issues of the parties' tax liability and rental-property debt. The court set those two issues for a hearing on July 11, 1997. However, on June 10, 1997, the court set aside its June 9 order and ordered that all matters contained in the husband's postjudgment motion would be subject to the motion hearing set for July 11, 1997. The 90-day period would have expired on September 1, 1997, absent express consent of the parties to extend the 90-day period or an extension of the period by this court. Although the record indicates that a hearing was originally set for July 11, 1997, for the purpose of entertaining the issues raised by the husband in his pending postjudgment motion, an actual hearing on the pending post-judgment motion was not held until March 26, 1998, and an order purporting to dispose of that motion was *Page 484 
not entered until May 8, 1998. The record does not indicate that the parties agreed to extend the 90-day period, nor does it indicate that this court granted an extension of that time. Therefore, the 90-day period expired on September 1, 1997, and the motion was denied that day, by operation of law; on that date, the trial court lost its jurisdiction to entertain matters contained in the husband's Rule 59 postjudgment motion relating to the judgment of May 28, 1997. The court, on September 1, 1997, lost its jurisdiction to amend its May 28, 1997, order as it related to custody. Because the trial court lost jurisdiction to entertain a postjudgment motion regarding the issues disposed of in its judgment of May 28, 1997, the order of May 8, 1998, is a nullity and is of no force and effect. Colburn v. Colburn,510 So.2d 266 (Ala.Civ.App. 1987). A void judgment will not support an appeal. Id. Therefore, the wife's appeal, which seeks a review of the trial court's custody award in its order of May 8, 1998, is due to be dismissed. The trial court's original judgment of divorce entered on May 28, 1997, remains in effect, and the wife's appeal is due to be dismissed.
 APPEAL DISMISSED.
Robertson, P.J., and Monroe, Crawley, and Thompson, JJ., concur.
[1] The court also disposed of the wife's pending motion to compel visitation.