PITTMAN, Judge.
This case involves a child-support ar-rearage.
The parties to this action were divorced by order of the court on September 5, 1970. The divorce judgment ordered the husband to pay $17.50 per week to the wife as child support. On October 27, 1982, the wife had the husband charged with criminal failure to pay child support. The juvenile court entered an order increasing the weekly amount of support from $17.50 to $20.00. On March 1, 2000, the wife, through the State of Alabama, brought a petition against the husband alleging the *888 husband to be in contempt for failure to pay back child-support as previously ordered. On October 31, 2000, the district court issued an order finding the husband in contempt and ordering him to purge himself of the contempt by paying the amount of the child-support arrearage, which was fixed at $12,826.50 in arrearage and $8,924.17 in interest. On November 13, 2000, the husband filed a combined motion for new trial, motion to set aside order and motion for order favorable to defendant. The district court set the motion for hearing on December 4, 2000. On December 20, 2000, the district court entered an order transferring the cause to the circuit court for trial de novo, and further scheduling the matter for trial in the circuit court on January 29, 2001. The case was tried in circuit court, and the trial court entered an order finding the husband in contempt and entered a judgment against the husband in the amount of $10,305.00 in child support arrears and $17,214.24 in accumulated interest. The husband appeals that order.
The husband appears to argue on appeal either that there is a 20-year statute of limitations on the action brought by the wife, and/or that there is a prescription or presumption of payment after 20 years has passed. The wife argues (1) that the circuit court never had jurisdiction over the matter, (2) that the doctrine of laches did not apply to the matter, and (3) that the 20-year statute of limitations did not apply. Because the jurisdictional issue is dispositive, we pretermit any discussion of the remaining allegations of error on appeal.
The record indicates the district court entered its order on October 31, 2000. The husband’s postjudgment motion was stamped filed in the clerk’s office on November 13, 2000. Pursuant to Rule 59.1(dc), Ala. R. Civ. P., the district court must dispose of any postjudgment motion made pursuant to Rules 50, 52, 55, or 59, within 14 days, or it is deemed denied. The last day for the district court to rule on the husband’s motion would have been November 27, 2000. Because the court did not rule on the motion and because there was no agreement in writing between the parties, nor an extension of time by the appropriate appellate court, the husband’s motion was deemed denied on November 27, and the district court lost jurisdiction to entertain the husband’s postjudgment motion after that date. Rule 59.1(dc), Ala. R. Civ. P., Ex parte Hornsby, 663 So.2d 966 (Ala.1995). The district court lost jurisdiction to enter any further order after November 27, 2000; therefore, its order of December 20, 2000, purporting to transfer the case to the circuit court, is a nullity. See Borders v. Borders, 702 So.2d 147, 148 (Ala.Civ.App.1997). Because the husband failed to properly appeal from the last valid order of the district court, the denial by operation of law of his motion for new trial, we dismiss this appeal.
APPEAL DISMISSED.
CRAWLEY, THOMPSON and MURDOCK, JJ., concur.
YATES, P.J., concurs specially.