CRAWLEY, Judge.
C.R. (“the mother”) appeals from the juvenile court’s judgment awarding custody of J.A.T. (“the child”) to C.J.T. (“the father”). We dismiss the appeal.
In January 2002, the father filed a petition seeking custody of the child. On March 8, 2002, the juvenile court entered a judgment awarding the father custody of the child. The grandmother, who, according to the March 8 judgment, had also filed a petition seeking custody, filed a post-judgment motion on March 20, 2002. The juvenile court set a hearing on the grandmother’s motion on April 3, 2002. After that hearing, on April 5, 2002, more than 14 days after the filing of the post-judgment motion, see Rule 59.1(dc), Ala. R. Civ. P., the juvenile court purported to grant the grandmother’s motion, purporting to aside the March 8 judgment and to order a new trial. On July 22, 2002, the juvenile court purported to enter another judgment again awarding custody of the child to the father. The mother appeals from the July 22 “judgment.”
Pursuant to Rule 59.1 (dc), the juvenile court had 14 days to rule on the grandmother’s postjudgment motion. Because the juvenile court failed to rule on the *1111 grandmother’s motion by April 3, 2002, the motion was deemed denied on that day. The trial court lost jurisdiction to entertain the postjudgment motion after that date, and the April 5 order purporting to grant that motion is a nullity, as is the July 22 “judgment.” See Allen v. State ex rel. Allen, 826 So.2d 887, 888 (Ala.Civ.App.2002). The mother’s attempt to appeal from the juvenile court’s July 22 “judgment” is an attempt to appeal from a void judgment; a void judgment will not support an appeal. See Carter v. Hilliard, 838 So.2d 1062 (Aa.Civ.App.2002). The March 8, 2002, judgment remains in effect.
APPEAL DISMISSED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.