James M. Bearden appeals from a summary judgment in favor of Capital Bank. We affirm.
 Procedural History
On July 17, 2006, Capital Bank sued Bearden alleging that Bearden had breached his agreement to pay a note and loan agreement. Bearden answered the complaint on August 25, 2006. On September 20, 2006, Capital Bank filed a motion for a summary judgment, along with supporting evidentiary materials. On November 1, 2006, the court entered an order setting a hearing on the summary-judgment motion on November 28, 2006; the order indicated that copies of the order had been mailed to the attorneys for both parties.
On November 28, 2006, the court held a hearing on the summary-judgment motion, and, on December 15, 2006, the court entered a summary judgment in favor of Capital Bank. In that judgment, the court noted that neither Bearden nor his attorney had appeared at the summary-judgment hearing but that the court file indicated that Bearden's attorney had received notice of the November 28, 2006, hearing. On December 22, 2006, Bearden filed a motion to set aside the summary judgment. In support of his motion, Bearden alleged that he had not received notice of the summary-judgment hearing. Bearden's motion was denied on January 8, 2007. On January 25, 2007, Bearden filed his notice of appeal to the Alabama Supreme Court; that Court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
 Standard of Review
"Our standard of review for rulings on postjudgment motions is well settled:
 "`In general, whether to grant or to deny a posttrial motion is within the sound discretion of the trial court, and the exercise of that discretion will not be disturbed on appeal unless by its ruling the court abused some legal right and the record plainly shows that the trial court erred.'"
Hitt v. State Pers. Bd., 873 So.2d 1080, 1085
(Ala. 2003) (quoting Flagstar Enters., Inc. v. Foster,779 So.2d 1220, 1221 (Ala. 2000)).
 Discussion
On appeal, Bearden argues that the trial court exceeded its discretion by failing to set aside its December 15, 2006, summary judgment because, he alleges, he did not receive notice of the summary-judgment hearing. Bearden argues that if he had received notice of the hearing, he would have filed a response to the motion or a motion pursuant to Rule 56(f), Ala. R. Civ. P., at least two days before the hearing, as required by Rule 56(c)(2), Ala. R. Civ. P.
Capital Bank, however, argues that Bearden failed to overcome the presumption that a letter that has been mailed has been received and, thus, failed to show that he did not receive notice of the summary-judgment hearing. Capital Bank next argues that Bearden had 69 days between when the summary-judgment motion was filed and when the summary-judgment hearing was held in which to file a response. Capital Bank further notes that the hearing date was posted on the court's case-action summary on the "Alacourt website" 21 days before the hearing. Finally, Capital Bank argues that Bearden *Page 952 
has failed to show that any lack of notice is more than harmless error.
We agree with Capital Bank that Bearden has failed to show that any error was prejudicial; therefore, we do not address the other issues raised by the parties.
In Bearden's postjudgment motion, he did not attempt to argue that he had a meritorious defense such that the alleged lack of notice prejudiced him. On appeal, Bearden argues that if he had received notice of the hearing, he would have filed a response to the motion or a Rule 56(f) motion at least two days before the hearing, as required by Rule 56(c)(2), Ala. R. Civ. P. Because Bearden did not make any such argument to the trial court, however, we cannot consider that argument on appeal.See Shiver v. Butler County Bd. of Educ.,797 So.2d 1086, 1088 (Ala.Civ.App. 2000) ("[A] reviewing court cannot consider arguments made for the first time on appeal."). InKelly v. Harrison, 547 So.2d 443 (Ala. 1989), our supreme court stated that when there is no averment or showing of actual prejudice resulting from the lack of notice of a summary-judgment hearing, the failure to give notice is harmless error. Similarly, in the instant case, because Bearden did not argue to the trial court that he was prejudiced by the alleged lack of notice, any error was harmless. See, Rule 45, Ala. R.App. P.
Based on the foregoing, we affirm the trial court's summary judgment in favor of Capital Bank.
AFFIRMED.
THOMPSON, P.J, and PITTMAN, BRYAN, and THOMAS, JJ., concur.