THOMAS, Judge.
 

 In October 2007, Johnnie Marie McGug-in (“the ex-wife”) instituted an action seeking to have Larry Edwin McGugin (“the ex-husband”) held in contempt for failure to pay support due under the parties’ divorce judgment. The ease was set for a trial on December 20, 2007; the ex-husband failed to appear, prompting the trial court to make an entry of default on December 20 and to order that the ex-wife’s attorney prepare a more detailed default judgment.
 

 On December 27, 2007, the ex-husband filed a motion to set aside the “default judgment” under Rule 55(c), Ala. R. Civ. P. On that same date, the ex-husband filed his answer to the ex-wife’s complaint and a counterclaim, in which he sought to have the ex-wife held in contempt for failing to pay off the debt associated with an automobile she had been awarded in the parties’ divorce judgment and to have his obligation to pay alimony to the ex-wife terminated on the ground that she had openly cohabited with a member of the opposite sex. The ex-wife filed a response opposing the ex-husband’s motion and an answer to his counterclaim on January 2, 2008. The trial court set the ex-husband’s Rule 55(c) motion for a hearing to be held on February 7, 2008. A default judgment awarding the ex-wife $6,354 in past-due alimony and ordering the ex-husband to resume monthly alimony payments in the amount of $1,059.50 was entered into the State Judicial Information System (“SJIS”) on January 4, 2008.
 

 The record reflects that the hearing scheduled on February 7, 2008, was continued to April 10, 2008, and that the hearing scheduled for April 10, 2008, was continued to May 27, 2008. On May 27, 2008, the trial court
 
 tried
 
 the contempt issues raised by the parties in their respective pleadings. A judgment finding the ex-husband in contempt for failing to pay his obligations under the divorce judgment and determining that the ex-wife had cohabited with a member of the opposite sex was entered on September 3, 2008; that judgment did not address the ex-husband’s contempt claim. The ex-wife appealed on September 11, 2008.
 

 
 *684
 
 In the ex-wife’s statement of the case in her brief on appeal, she notes that the trial court failed to rule on the ex-husband’s Rule 55(c) motion. She further states that “the parties tried the case.” The ex-wife fails to appreciate the import of the trial court’s failure to rule on the ex-husband’s Rule 55(c) motion.
 

 A Rule 55(c) motion, like most postjudgment motions, must be ruled upon within 90 days of its filing or it is denied by operation of law. Rule 59.1, Ala. R. Civ. P. Because the ex-husband’s Rule 55(c) motion was filed before the entry of the default judgment, it is treated as if it was filed on the date of the entry of the judgment itself.
 
 New Addition Club, Inc. v. Vaughn,
 
 903 So.2d 68, 72 (Ala.2004). Based on a filing date of January 4, 2008, the ex-husband’s motion was deemed denied by operation of law on April 3, 2008. The trial court lost jurisdiction to act at that point, rendering its later actions in conducting a trial on the contempt issues on May 27, 2008, and in entering a judgment on those issues on September 3, 2008, void for want of jurisdiction.
 
 Ex parte Caterpillar, Inc.,
 
 708 So.2d 142, 142 (Ala.1997);
 
 Newman v. Newman,
 
 773 So.2d 481, 483 (Ala.Civ.App.1999). This court may take notice of a lack of jurisdiction
 
 ex mero motu. See Ruzic v. State ex rel. Thornton,
 
 866 So.2d 564, 568-69 (Ala.Civ.App.2003), abrogated on other grounds by
 
 F.G. v. State Dep’t of Human Res.,
 
 988 So.2d 555 (Ala.Civ.App.2007).
 

 Our analysis is not impacted by the filing of the ex-husband’s counterclaim on December 27, 2007, before the entry of the default judgment. The trial court’s December 20, 2007, order noted the ex-husband’s failure to appear and indicated that the court viewed the failure to appear as a default, serving as an entry of default under Rule 55(a). After an entry of default, the defaulting party “loses his standing in court, cannot appear in any way, cannot adduce any evidence and cannot be heard at the final hearing.”
 
 Dorcal, Inc. v. Xerox Corp.,
 
 398 So.2d 665, 670 (Ala.1981) (equating an entry of default with a decree
 
 pro confesso
 
 under former practice);
 
 see also
 
 10A Charles A. Wright & Arthur R. Miller,
 
 Federal Practice & Procedure
 
 § 2681 (3d ed.2001); and 2 Champ Lyons & Ally W. Howell,
 
 Rules of Civil Procedure Annotated
 
 55.1, p. 220 (4th ed.2004). Thus, the ex-husband’s counterclaim did not serve to prevent the January 4, 2008, default judgment from becoming a final judgment.
 

 The ex-wife has appealed from a void judgment. Because a void judgment will not support an appeal, we dismiss this appeal.
 
 Newman,
 
 773 So.2d at 484.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.