MOORE, Judge.
Jack Dzurian DuBose appeals from a default judgment entered against him by the Tuscaloosa Circuit Court ("the trial court"), an order denying his Rule 55(c), Ala. R. Civ. P., motion to set aside the default judgment, and an order denying his Rule 60(b), Ala. R. Civ. P., motion. See discussion, infra. We affirm the trial court's default judgment and orders.
Procedural History
On February 2, 2016, Kay McAteer, both individually and as administrator of the estate of Daniel W. McAteer, deceased, filed a complaint in the trial court. McAteer *45 alleged that she individually owned a mobile home and that the estate of Daniel W. McAteer owned fee-simple title to the land upon which the mobile home resided ("the property"). McAteer claimed that DuBose had agreed to purchase the mobile home through a lease-to-own arrangement, which, she claimed, DuBose had not honored; she also claimed that DuBose had "trashed" the property and had failed and refused to vacate the property. McAteer requested that the trial court order DuBose to vacate the property, to clean the property, to restore to her the possession of the mobile home, and to "pay such sums as the court may assess for damages, mesne profits, and other injury to the land."
On March 7, 2016, McAteer filed an application for the entry of a default judgment; she asserted therein that DuBose had failed to answer or otherwise defend against the complaint and that more than 30 days had elapsed since he had been served with the complaint. In the application, McAteer demanded possession of the property and the mobile home, but she did not claim any money from DuBose. The trial court entered a default judgment against DuBose on March 10, 2016, awarding possession of the mobile home to McAteer individually and possession of the property to the estate.
In a letter to the court dated March 18, 2016, DuBose requested that the trial court set aside the default judgment; he asserted that he had been served with the complaint on February 11, 2016, upon returning home from Texas where he had worked for several days and that he had believed that an answer to the complaint would have been timely if it was filed by March 12, 2016. Beneath his signature on the letter, DuBose included as his address a post office box located in Northport ("the Northport address"). The trial court set his request to set aside the default judgment for a hearing on March 30, 2016, which DuBose did not attend, prompting the trial court to enter an order on that date denying his request to set aside the default judgment.
In a second letter to the court dated April 11, 2016, DuBose again requested that the default judgment be set aside; he asserted that he had not received notice of the March 30, 2016, hearing. Along with that letter, DuBose filed a request for a change of address, requesting that all notices be mailed to him at the Northport address. The trial court entered an order on April 12, 2016, denying DuBose's April 11, 2016, request to set aside the default judgment. On May 3, 2016, the trial court entered an order that stated:
"A default judgment was previously entered in this case. Subsequently, [DuBose] requested that the judgment be set aside. Those motions were denied. The clerk's office today informed the undersigned that the office, through oversight, failed to change [DuBose's] address in the court record when requested. This Court will, by separate order, set a status hearing to review this matter."
On that same date, the trial court entered a notice indicating that DuBose's request to set aside the default judgment was set for a hearing on May 9, 2016, and designating that notice of the hearing be sent to DuBose at the Northport address. At the hearing, DuBose's attorney moved that the hearing date be continued; that motion was denied. DuBose's attorney filed an affidavit signed by DuBose in which DuBose asserted that he was rightfully occupying the property pursuant to a written contract to purchase the property. McAteer moved to strike the affidavit on May 10, 2016. DuBose filed a notice of appeal on May 11, 2016.
*46 Issues on Appeal
Before proceeding further, we must first determine the scope of this appeal. On March 10, 2016, the trial court entered a default judgment, which was a final judgment. See McGugin v. McGugin, 23 So.3d 682 (Ala. Civ. App. 2009). Although the trial court did not award McAteer any damages as alleged in the complaint, which ordinarily would prevent the default judgment from becoming a final judgment, see Ex parte Family Dollar Stores, Inc., 906 So.2d 892 (Ala. 2005), McAteer has informed this court that she waived any claim for damages by applying only for possession of the property and the mobile home, so the default judgment resolved all the matters in controversy. See Tidwell v. Tidwell, 496 So.2d 91 (Ala. Civ. App. 1986) (defining a "final judgment" as "a terminal decision which demonstrates there has been complete adjudication of all matters in controversy between the litigants").
On March 18, 2016, DuBose filed a letter, which we construe as a motion to set aside the default judgment under Rule 55(c), Ala. R. Civ. P., which the trial court denied by an order entered on March 30, 2016. DuBose filed a letter on April 11, 2016, indicating that he had not received notice of the March 30, 2016, hearing that had been scheduled on his Rule 55(c) motion and requesting that the trial court reconsider its order denying that motion. However, because more than 30 days had elapsed since the entry of the default judgment, the trial court could not reconsider its denial of the Rule 55(c) motion to set aside the default judgment, which had become a final judgment. See R.D.J. v. A.P.J., 142 So.3d 662 (Ala. Civ. App. 2013) (trial court lost jurisdiction after it denied original motion to set aside default judgment such that it could not consider motion to reconsider the denial of that motion).
The trial court could consider the April 11, 2016, letter only as a motion, pursuant to Rule 60(b), Ala. R. Civ. P., to vacate the March 10, 2016, default judgment. See Thurmond v. Parrish, 152 So.3d 358, 360 n.1 (Ala. Civ. App. 2014). The trial court denied the Rule 60(b) motion by an order entered on April 12, 2016. Thereafter, the trial court purported to reconsider its April 12, 2016, order, but a trial court has no jurisdiction to reconsider an order denying a Rule 60(b) motion, which is a final judgment. See Ex parte Keith, 771 So.2d 1018, 1022 (Ala. 1998).
Based on the foregoing, we conclude that the trial court entered three valid, final judgments-the default judgment entered on March 10, 2016, the order denying the Rule 55(c) motion to set aside the default judgment entered on March 30, 2016, and the order denying the Rule 60(b) motion entered on April 12, 2016. See Terry v. Frisbee, 404 So.2d 345 (Ala. Civ. App. 1981) (order denying Rule 60(b) motion to vacate default judgment was final, appealable judgment). DuBose timely filed his notice of appeal in regard to all three judgments, see Rule 4, Ala. R. App. P., but he indicates in his notice of appeal that he is appealing only from the default judgment entered on March 10, 2016. However in his docketing statement, DuBose indicates that he was prejudiced by the lack of notice of the hearing on his Rule 55(c) motion to set aside the default judgment, which was the gravamen of his Rule 60(b) motion that was denied on April 12, 2016. In his brief to this court, DuBose argues that the trial court erred in failing to set aside the default judgment and in failing to notify him of the hearing date on his Rule 55(c) motion to set aside the default judgment. Because McAteer has responded to those arguments, we conclude that no prejudice would result from treating the notice of appeal as arising from all three final *47 judgments. See Rules 1 & 2, Ala. R. App. P.; see also Okafor v. State, 225 So.3d 72 (Ala. Civ. App. 2016) (holding that contents of docketing statement can be considered when determining from which judgment an appeal has been taken), rev'd on other grounds by Okafor v. State, 225 So.3d 93 (Ala. 2016). Therefore, we consider the propriety of all three judgments in this appeal.
Analysis
Under Rule 55(a), Ala. R. Civ. P., a party may obtain a default judgment against an opposing party against whom a judgment or affirmative relief is sought who has failed to timely plead or otherwise defend after receiving service of process. In this case, the record shows that DuBose was served on February 2, 2016, and that he had not appeared, filed a pleading in, or otherwise defended the action as of March 7, 2016, when McAteer filed an application for the entry of a default judgment, which was 34 days after he had been served. See Rule 12(a), Ala. R. Civ. P. (giving defendant 30 days from service of summons and complaint to file answer). Therefore, the trial court had the authority to enter a default judgment against DuBose.
Rule 55(c) provides, in pertinent part, that "[t]he court may ... set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment." We note that Rule 55(c) does not specifically require a hearing on a motion to set aside a default judgment. DuBose does not cite any authority for the proposition that a party moving to set aside a default judgment is entitled to a hearing. See Rule 28(a)(10), Ala. R. Civ. P. Our caselaw holds that a hearing may be required on a motion to set aside a default judgment, but only when a defendant has made a prima facie case in a written motion that a default judgment should be set aside. See D.B. v. D.G., 141 So.3d 1066 (Ala. Civ. App. 2013).
In order to have a default judgment set aside, a defendant must prove that he has a meritorious defense, that the plaintiff will not be prejudiced if the default judgment is set aside, and that the default judgment was not a result of the defendant's own culpable conduct. See Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala. 1988). A defendant makes out a prima facie case to have a default judgment set aside when the defendant presents arguments and affidavits or other evidence to establish each of the three Kirtland factors. D.B. v. D.G., 141 So.3d at 1071. If a defendant fails to meet its initial burden of demonstrating the existence of all three Kirtland factors, a trial court may summarily deny the motion to set aside the default judgment and does not commit reversible error by denying the motion to set aside the default judgment without conducting a hearing. Carroll v. Williams, 6 So.3d 463, 468 (Ala. 2008).
In the present case, after the default judgment was entered in favor of McAteer, DuBose requested, in his March 18, 2016, letter to the trial court that the court set aside that default judgment, asserting only that he had been mistaken regarding the time in which he could submit an answer. DuBose failed to argue before the trial court at that time that he had a meritorious defense to the claims asserted by McAteer in her complaint[1] or that McAteer *48 would not be unfairly prejudiced if the default judgment were to be set aside.[2] Thus, DuBose failed to satisfy his initial burden under the Kirtland analysis, and his Rule 55(c) motion to set aside the default judgment could be properly denied without a hearing. Under these circumstances, any failure to notify DuBose of a hearing to which he was not entitled would be, at most, harmless error. See Rule 45, Ala. R. App. P.; see also Bearden v. Capital Bank, 985 So.2d 950, 952 (Ala. Civ. App. 2007) (holding that any failure to provide notice of a hearing on a summary-judgment motion was harmless error because the defendant had not attempted to argue that he had a meritorious defense such that the alleged lack of notice had prejudiced him).
Because DuBose did not make out a prima facie case that he was entitled to have the default judgment set aside, the trial court did not err in denying his Rule 55(c) motion to set aside the default judgment. Assuming that the trial court erred in failing to send DuBose notice of the March 30, 2016, hearing at his proper mailing address, that error would be harmless and would not require reversal of the default judgment. Accordingly, the default judgment, the order denying the Rule 55(c) motion to set aside the default judgment, and the order denying the Rule 60(b) motion are due to be affirmed.
McAteer's request for the award of attorney's fees on appeal is denied.
AFFIRMED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

DuBose did raise a meritorious defense to the action in his affidavit filed on May 9, 2016. However, at that point, the trial court, having denied the Rule 55(c) motion to set aside the default judgment and having denied the Rule 60(b) motion, had lost jurisdiction over the case. Pursuant to its May 3, 2016, order, the trial court purported to reconsider the denial of the Rule 60(b) motion ex mero motu, but it had no jurisdiction to do so. See Ex parte Keith, 771 So.2d at 1022. Any proceedings conducted and any actions taken after April 12, 2016, were void and without any legal effect. See id. Therefore, the affidavit could not be considered by the trial court, and we cannot consider it on appeal.

DuBose did not assert at any time in the proceedings below that McAteer would not be unfairly prejudiced if the default judgment were to be set aside.