RICHARD L. HOLMES, Retired Appellate Judge.
This is a garnishment case.
In August 1990 James Grant entered into a lease agreement with Daniel Ray Pierce and Darlene Pierce. The period of the lease was from September 1, 1990, through August 31, 1991. The total value of the lease was $5,100. The lease provided, in pertinent part: “[T]he lessee hereby waives all right which lessee may have under the Constitution and Laws of the State of Alabama or any other State of the United States, to have any personal property of the lessee exempt from levy or sale or other legal process.”
In August 1992 Grant filed a complaint against the Pierces, wherein he claimed that $4,421.42 was due under the lease, together with interest, attorney fees, and costs. The complaint stated, in pertinent part: “In the event Plaintiffs contract contains a clause allowing for waiver of exemption of personal property under the laws of Alabama, Plaintiff hereby claims the benefit of said provision.”
The Pierces were served with a copy of the complaint. We would note that only Daniel Ray Pierce prosecutes this appeal.
Pierce failed to answer the complaint. Thereafter, Grant filed an application for entry of default and default judgment against Pierce. It is undisputed that a copy -of the lease was attached to Grant’s application for entry of default and default judgment.
The case action summary states, in pertinent part: “February 12, 1993 — Judgment by default for [Grant] and against [Pierce] for the amount of $5,278.83 and costs of court, /s/ Susan F. Wilson CLERK.”
Grant caused a garnishment to be issued against Pierce on September 29, 1993. On October 26, 1993, Pierce filed a declaration and claim of exemption and a motion for stay of garnishment and for stay of condemnation. On November 2, 1993, the garnishment was dismissed upon Grant’s motion.
On November 22, 1993, Grant filed a motion to amend the judgment nunc pro tunc. This motion alleges, in pertinent part:
“[D]ue to clerical error or inadvertence, said judgments were entered with no notation as to whether or not the judgments were with or without waiver of exemption. [Grant] would show unto the court that under the terms of the lease agreement signed by the [Pierces], they did indeed waive exemption rights.
“Wherefore, [Grant] moves this court to amend the judgments entered against [the Pierces] nunc pro tunc so as to reflect that *286 said judgments are with waiver of exemption, per the attached lease agreement.”
The motion to amend the judgment nunc pro tunc was granted on December 7, 1993, “so as to reflect that said judgments are with waiver of exemptions.” The Pierces’ response to the motion to amend the judgment nunc pro tunc was filed on the same day that the trial court granted the motion to amend.
The Pierces filed a motion to alter, amend, or vacate the judgment as amended nunc pro tunc. Grant filed a response to the Pierces’ motion. A hearing was held on February 25, 1994. The motion was denied.
Pierce appeals.
The dispositive issue is whether, under the facts of this case, Grant may use Rule 60(a), A.R.Civ.P., as the vehicle to amend his default judgment against Pierce on the grounds that the failure to enter the judgment “with waiver of exemption” was merely a clerical error.
Pierce contends that the conditional nature of the averment of the waiver of exemption contained in the complaint was not sufficient to comply with the requirements of Ala.Code 1975, § 6-10-123. Grant argues that the averment in his complaint was sufficient to comply with the requirements of § 6-10-123 because the lease which was signed by Pierce and which contained the waiver of exemption was adopted by reference pursuant to Rule 10(c), A.R.Civ.P.
Section 6-10-123 provides:
“In any civil action, in which a waiver of the right of homestead or other exemption is sought to be enforced, the fact of waiver and its extent must be averred in the complaint or petition and by appropriate pleading may be controverted. If such averment is sustained, the fact of waiver and its extent must be declared in the judgment and endorsed on the execution or other process issued thereon. Such waiver shall extend to the costs of the action.”
(Emphasis added.)
Grant also argues that the averment in his complaint was sufficient to place Pierce on notice that a waiver of exemption was being claimed. However, we cannot agree with this argument.
As previously noted, Grant filed a complaint which contained boilerplate language to the effect that if the contract contained a waiver of exemption, then Grant was claiming the benefit of that provision of the contract. Grant’s attorney testified at the February 25, 1994, hearing that the language contained in the complaint regarding the waiver of exemption is standard language included in all of his complaints. Grant’s attorney also testified that he could not recall whether he had the lease in hand when he filed the complaint in the present case. It does not appear from our review of the record that a copy of the August 1990 lease was attached to the complaint, which was filed with the court and, ultimately, was served upon Pierce. Pierce could have thought that there was no waiver of exemption in the lease he executed. Without a specific averment contained in the complaint or a copy of the lease attached to the complaint, we cannot say with any certainty that Pierce was “on notice” that a waiver of exemption was being claimed.
Further, it does not appeal' that the averment contained in Grant’s complaint was sufficient to place the court and the clerk on notice that a waiver of exemption was claimed, as there was no mention of a waiver of exemption in the court’s judgment of February 12, 1993.
The purpose of a Rule 60(a) motion or a motion to amend the judgment nunc pro tunc is to cause the judgment or record to state the truth. Michael v. Michael, 454 So.2d 1035. (Ala.Civ.App.1984). A motion filed pursuant to Rule 60(a) cannot be used to cause the record or judgment to state something other than that which was proclaimed in the original judgment. Carnes v. Carnes, 365 So.2d 981 (Ala.Civ.App.1978). Further, a Rule 60(a) motion should never be used as a method to revise or extend a judgment so that the judgment would state something which the court did not pronounce, even though such amendment included matters that should have been pronounced. Faddis v. Woodward Iron Co., 276 Ala. 283, 161 So.2d 486 (1964).
*287 Rule 60(a) is the rule which controls the correction of clerical mistakes in judgments, orders, or other parts of the record. The type of error contemplated by Rule 60(a) is an error which is related to inaccuracies in transcription, alterations, or the omission of papers or documents — a mistake which is mechanical in nature and does not involve a legal decision or judgment. Wilson v. Leek’s 66 Service Station, 513 So.2d 620 (Ala.Civ.App.1987). If an error is more substantial in nature than a clerical mistake, then such an error should not be corrected pursuant to a Rule 60(a) motion, but by way of a Rule 59(e) motion or a Rule 60(b) motion. Wilson, 513 So.2d 620.
It is Grant’s contention that the clerical mistake occurred when an employee in his attorney’s office failed to indicate in the application for entry of default and default judgment whether the judgment was to be with or without waiver of exemption and that this error was compounded when the elei’k’s office failed to indicate whether the judgment was with or without waiver of exemption.
A judgment without a waiver of exemption is substantially different than a judgment with a waiver of exemption for the purpose of collection, execution, and garnishment. In the present case, the boilerplate language contained in the complaint, without the lease being attached to the complaint, was not sufficient to place Pierce on notice that Grant was seeking to enforce a waiver of exemption, particularly in view of § 6-10-123. Grant’s failure either to specifically aver a waiver of exemption in the complaint or to attach a copy of the lease to the complaint which contained the boilerplate language is not, in this instance, a clerical mistake subject to correction by a Rule 60(a) motion. Such an oversight is more substantial in nature than a clerical mistake.
In view of the above, the judgment is reversed and the case remanded to the trial court for proceedings consistent with the above opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.