YATES, Presiding Judge.
Wayne A. Swinney, Sr., appeals from an order denying his “Motion for Order Nunc Pro Tunc” in a child-support contempt case. On April 7, 1998, the mother petitioned for a finding of contempt against the father, alleging that in May 1992, the Circuit Court of Franklin County had entered a judgment against him for $59,590.72 for an arrearage in accrued child-support payments and “unpaid medical expenses and premiums.” The State Department of Human Resources moved to intervene on behalf of the mother, alleging that she had “assigned and transferred to [the State] all support rights (accrued, pending or continuing)” against the father.
After conducting an ore tenus proceeding, the court, on July 10, 1998, entered an order, stating in part:
“Upon consideration of the pleadings of record and oral testimony offered at the contempt hearing held in this cause on July 7, 1998, the Court hereby finds an arrearage of $47,815.00 in child support due by the [father] to [mother] as of April 80, 1992, and interest on said arrearage of [$34,901.95] pursuant to the provisions of [§ 8-8-10, Ala.Code 1975], and unpaid medical expenses and premiums totaling $12,675.57. Judgment, therefore, is hereby ORDERED rendered in favor of [the mother] and against the [father], in the combined amount of $95,392.52.”
On August 14, 1998, the court entered a “Consent Order” based on an agreement of the parties; the order stated, in part,
“The [father] is in contempt in the arrearage amount of $95,392.52 pursuant to the divorce decree of February 20, 1980, as modified on March 18, 1983.
“The parties have entered into an agreement resolving all issues of the contempt and modifying the provisions of the final decree as it relates to any future or further indebtedness (alimony, support, debts, etc.) from the [father] to [the mother].
[[Image here]]
“Therefore pursuant to the Findings of Fact and Conclusions of Law it is hereby ORDERED AND ADJUDGED that the [father] shall pay to [the State] on behalf of [the mother] as of August 21, 1998, the sum of $95,392.52 and shall waive all rights of postjudgment relief and appeal. [The mother,] upon the [father’s] timely compliance herewith!,] shall be divested of any future claims against [the father] and the Final Decree is modified to terminate all further or future alimony, support or indebtedness of any nature from [the father] to any Plaintiff or parties therein.... ”
On November 20, 2000, the father moved for an order nunc pro tunc, alleging that the previous orders of the court had failed “to track the wording” in a 1982 order obligating him to pay “alimony and child support” and that he was, therefore, seeking an order to correct the previous judgments designating the current judgment as “alimony and child support.” On November 22, 2000, the court denied the father’s motion. The father appeals.
The father argues that the court erred in denying him a correction under Rule 60(a), Ala. R. Civ. P., because, he says, he is not attempting to enlarge or modify the judgment, but is seeking relief from the income-tax consequences of the judgment.
In Pierce v. Grant, 652 So.2d 284 (Ala.Civ.App.1994), this court stated:
“The purpose of a Rule 60(a) motion or a motion to amend the judgment nunc pro tunc is to cause the judgment or record to state the truth. A motion filed pursuant to Rule 60(a) cannot be used to cause the record or judgment to state something other than that which was *682 proclaimed in the original judgment. Further, a Rule 60(a) motion should never be used as a method to revise or extend a judgment so that the judgment would state something which the court did not pronounce, even though such amendment included matters that should have been pronounced.
“Rule 60(a) is the rule which controls the correction of clerical mistakes in judgments, orders, or other parts of the record. The type of error contemplated by Rule 60(a) is an error which is related to inaccuracies in transcription, alterations, or the omission of papers or documents — a mistake which is mechanical in nature and does not involve a legal decision or judgment. If an error is more substantial in nature than a clerical mistake, then such an error should not be corrected pursuant to a Rule 60(a) motion, but by way of a Rule 59(e) motion or a Rule 60(b) motion.”
Id. at 286-87.
After carefully reviewing the record, we find no evidence to support the father’s argument that the 1992 or 1998 judgments should have stated “alimony and child support.” Further, we find that the father had ample opportunity to assert this argument after the judgments were entered in 1992 and. in 1998, and they should have been asserted under Rule 59(e) or Rule 60(b), Ala. R. Civ. P. See McGiboney v. McGiboney, 679 So.2d 1066 (Ala.Civ.App.1995). Accordingly, we conclude that the trial court did not err in denying the father’s motion for an order nunc pro tunc.
AFFIRMED.
CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.