LYONS, Justice.
 

 Betty M. Bradley and the State of Alabama on the relation of Bradley (“Bradley”) appeal from an order of the St. Clair Circuit Court vacating its August 15, 2007, order, which was favorable to her. In its August 15, 2007, order the circuit court (1) had declared that the prerequisites of § 11-42-100.1, Ala.Code 1975, for a special election in the Town of Argo on the question of the annexation of the Town of Argo into the City of Springville had been satisfied and (2) had ordered the Town of Argo to hold such a special election. We affirm the circuit court’s vacatur of the August 15, 2007, order.
 

 I.
 
 Facts and Procedural History
 

 Betty M. Bradley, a resident of the Town of Argo, wants the Town of Argo to be annexed by the City of Springville. The Town of Argo is a municipal corporation whose territory is located in St. Clair County and Jefferson County. The Town of Argo is contiguous to the City of Springville.
 

 Section 11-42-100.1, entitled “Mode of consolidation- — When municipality to annex city or town,” provides that contiguous municipalities may consolidate and operate as one municipality. Section 11-42-100.1(b) provides that if the governing bodies of contiguous municipalities each adopt, pass, and publish an ordinance expressing a willingness to consolidate (“a willingness ordinance”), “the governing body of the municipality to be annexed shall, by resolution submit the question of annexation at a special election.” If “a majority of the voters cast votes in favor of the annexation, and the number so voting in favor of the annexation equals or is greater than one-half of the number of voters who voted in the last general municipal election held in such city or town” then the contiguous municipalities will be consolidated. § 11— 42-100.1(d).
 

 Absent a willingness ordinance by the municipality to be annexed, § 11-42-100.1(c) provides that citizens of that municipality may petition the probate court of the county or counties in which the municipality is located to require an election on the question of annexation. Such a petition must be “signed by 10 percent or
 
 *821
 
 more of the number of qualified voters who voted in the last general municipal election held in such municipality immediately preceding the presentation of said petition _” § ll-42-100.1(c). Section 11 — 42—100.1(c) provides that upon receipt of the petition the probate court shall
 

 “examine said petition to determine the genuineness of the signatures thereon, the correctness and adequacy of the information given by each person signing the petition and the qualification of electors signing such petition. If the probate judge determines that the petition meets statutory requirements, he shall certify such fact to the chief executive officer of the municipality for which such election is so petitioned .... The certificate of the judge of probate as to the sufficiency of said petition shall be final.”
 

 After the probate judge certifies that the petition meets the statutory requirements
 
 and
 
 the annexing municipality passes a willingness ordinance, “the governing body of the municipality to be annexed shall by resolution submit the question of annexation at a special election to be held at a time specified in such proclamation .... ” § ll-42-100.1(c). The election must be held “not less than 40 days nor more than 90 days after passage of the willingness ordinance by the annexing city, or after receipt of the petition certification, whichever event occurs last, or at a time otherwise specified by law.” § 11 — 42—100.1(c).
 

 On February 23, 2007, Bradley petitioned the St. Clair Probate Court for a special election in the Town of Argo on the question of annexation into the City of Springville. The petition contained the signatures of nearly 350 residents of the Town of Argo, which was more than 10 percent of the approximately 800 residents of the Town of Argo who voted in the immediately preceding general municipal election. On March 20, 2007, the probate court certified that Bradley’s petition met the requirements of § 11-42-100.1. On April 2, 2007, the City of Springville adopted ordinance no. 2007-02, which stated that the City of Springville “is willing to annex the Town of Argo, Alabama, if the voters of the Town of Argo, Alabama, vote in favor of the said annexation as provided in [§ 11 — 42—100.1, Ala.Code 1975].”
 

 On May 15, 2007, the Town of Argo appealed to this Court the adequacy of the St. Clair Probate Court’s certification of Bradley’s petition. On June 21, 2007, this Court dismissed the appeal on the ground that it was from an unappealable certification.
 
 Town of Argo v. Shrader
 
 (No. 1061185). On May 15, 2007, the Town of Argo also sued Bradley in the St. Clair Circuit Court seeking a judgment declaring that Bradley had not met the requirements of § 11-42-100.1 for a special election on the question of annexation and that the Town of Argo could not lawfully hold an election until the statutory requirements have been met.
 

 On July 11, 2007, Bradley answered the Town of Argo’s declaratory-judgment complaint, and she filed a counterclaim, in essence, petitioning for a writ of mandamus. Bradley petitioned for a writ of mandamus directing the Town of Argo to conduct a special election to submit to the voters the question of the annexation of the Town of Argo by the City of Spring-ville. In the petition Bradley asserted that in addition to seeking relief individually, she also sought relief on the relation of the State of Alabama because, she said, the public has an interest in the Town of Argo’s complying with the law and performing its official duties. See
 
 Homan v. State of Alabama ex rel. Smith,
 
 265 Ala. 17, 19, 89 So.2d 184, 186 (1956). That same day Bradley moved for a preliminary injunction to require that the Town of
 
 *822
 
 Argo take the actions necessary to hold a special election on the issue of annexation. Also on July 11, 2007, Bradley moved to consolidate the instant action with
 
 City of Springville v. Town of Argo
 
 (case no. CV-07-138), an action pending in the St. Clair Circuit Court in which the City of Spring-ville sought to prevent the Town of Argo from incurring new and substantial indebtedness pending the results of the special election.
 

 On July 25, 2007, Paul Jennings and Gordon Massey, Jr., residents of the Town of Argo, moved to intervene in this action for the purpose of aligning themselves with the Town of Argo. The circuit court granted the motion and allowed Jennings and Massey to intervene. On July 26, 2007, Bradley amended her motion for a preliminary injunction and counterclaim petition for a writ of mandamus. The amended motion for a preliminary injunction and the amended counterclaim each requested that the circuit court enjoin the Town of Argo from incurring debt for construction of a municipal building pending the special election on the issue of annexation.
 

 On August 8, 2007, the circuit court conducted a trial in which no live testimony was presented, but the parties presented arguments and documentary evidence as to whether the statutory requirements for a special election had been satisfied. On August 15, 2007, the circuit court found that Bradley had met the requirements of § 11-42-100.1, and it ordered the Town of Argo to hold a special election on the question of annexation. The circuit court denied any other relief sought by the parties.
 

 On September 5, 2007, the Town of Argo moved for a new trial or, in the alternative, to amend or vacate the circuit court’s August 15, 2007, order pursuant to Rule 59, Ala. R. Civ. P. In its motion, the Town of Argo asserted that subsequent to the circuit court’s August 15, 2007, order the City of Springville announced that it planned to reconsider its willingness ordinance. The circuit court stayed its August 15, 2007, order pending its disposition on the Town of Argo’s motion and set the matter for a hearing on October 4, 2007.
 

 On September 13, 2007, the City of Springville adopted ordinance no. 2007-09, rescinding its willingness ordinance. Ordinance no. 2007-09 stated:
 

 “[Bjecause the City [of Springville] would be required to assume and pay all debts and liabilities of Argo in the event at a special election the citizens of Argo were to vote at a special election in favor of annexation into the City [of Spring-ville], the City [of Springville] filed a lawsuit seeking an order to prevent Argo from incurring new and substantial indebtedness pending the results of the said special election; and
 

 “WHEREAS, the City [of Springville] was unable to obtain an order to prevent Argo from incurring new and substantial indebtedness pending a vote of the citizen’s of Argo on whether to annex Argo into the City [of Springville]; and
 

 “WHEREAS, Argo has incurred new and substantial indebtedness since the City [of Springville] adopted the Willingness Ordinance; and
 

 “WHEREAS, the City [of Springville] has concerns that Argo will continue to incur indebtedness despite the fact the Circuit Court of St. Clair County has ordered that the special election be held; and
 

 “WHEREAS, the City Council is of the opinion that, in light of Argo’s new and additional debt, it is in the best interests of the City [of Springville] and its citizens that the City [of Springville] not annex Argo and that the Willingness
 
 *823
 
 Ordinance should be rescinded, revoked and repealed.
 

 “NOW, THEREFORE, BE IT ORDAINED by the Mayor and City Council of the City of Springville, Alabama, that Ordinance No. 2007-02, also referred to as the Willingness Ordinance, is hereby repealed, revoked and rescinded.”
 

 On September 20, 2007, the Town of Argo amended its motion for a new trial or, in the alternative, to amend or vacate the order. To this motion the Town of Argo attached a copy of ordinance no. 2007-09. Bradley opposed the Town of Argo’s motion, arguing that the City of Springville’s rescission of the willingness ordinance was immaterial to the Town of Argo’s obligation to conduct the special election pursuant to § 11-42-100.1 and the circuit court’s August 15, 2007, order. Bradley argued that § 11-42-100.1 does not allow the proposed change or vacation of the August 15, 2007, order and that Bradley’s right to a special annexation election in the Town Argo had vested.
 

 The circuit court held a hearing on the Town of Argo’s motion for a new trial or, in the alternative, to amend or vacate the August 15, 2007, order, and on October 9, 2007, the circuit court vacated its August 15, 2007, order. The circuit court held that because the City of Springville had rescinded its willingness ordinance, the requirements of § 11-42-100.1 had not been satisfied and that the Town of Argo was not required to hold an election on the question of annexation. Bradley, as an individual, and the State, on the relation of Bradley, appealed the circuit court’s vacation of its August 15, 2007, order.
 

 II.
 
 Standard of Review
 

 Whether to grant relief under Rule 59(e), Ala. R. Civ. P., is within the trial court’s discretion. See
 
 Moore v. Glover,
 
 501 So.2d 1187, 1191 (Ala.1986) (Torbert, C.J., concurring specially) (“During the 80-day period after the entry of judgment, the trial court has great judicial discretion that it may exercise over its final judgment. The trial judge should be able to consider any evidence in deciding whether to vacate the entry of summary judgment. Any reasonable explanation of the party’s failure to offer evidence in response to a motion for summary judgment will suffice, but this does not mean that under the guise of a Rule 59(e) motion a party can belatedly submit available evidence in opposition to a motion for summary judgment.”). In
 
 In re Brickell,
 
 142 Fed.Appx. 385, 391 (11th Cir.2005) (not selected for publication in the Federal Reporter), the United States Court of Appeals for the Eleventh Circuit addressed the comparable Federal Rule 59(e), stating:
 

 “We review the denial of a Rule 59(e) motion to alter or amend judgment for abuse of discretion.
 
 Mays v. U.S. Postal Serv.,
 
 122 F.3d 43, 46 (11th Cir.1997) (per curiam). ‘The only grounds for granting [a Rule 59(e) ] motion are
 
 newly-discovered [previously unavailable]
 
 evidence or manifest errors of law or fact.’
 
 Kellogg v. Schreiber (In re Kellogg),
 
 197 F.3d 1116, 1119 (11th Cir.1999). Rule 59(e) may not be used to relitigate a claim or to present arguments or evidence that could have been raised prior to the entry of judgment.
 
 Mincey v. Head,
 
 206 F.3d 1106, 1137 n. 69 (11th Cir.2000).”
 

 (Emphasis added.)
 

 Ordinance no. 2007-09, the newly discovered evidence offered here as the basis for relief under Rule 59(e), was “previously unavailable” because it did not exist when the circuit court issued its August 15, 2007, order. Under the circumstances here presented the circuit court did not exceed its discretion in vacating the August 15, 2007, order to allow the court to
 
 *824
 
 consider the “previously unavailable” evidence. However, the circuit court’s application of law to the undisputed fact of the City of Springville’s adoption of ordinance no. 2007-09 is subject to
 
 de novo
 
 review. See
 
 Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int’l Union Local 4-487,
 
 328 F.3d 818, 820 (5th Cir.2003) (applying the analogous Federal Rule 59(e)) (“We generally review a decision on a motion to alter or amend judgment under Rule 59(e) for abuse of discretion. See
 
 Fletcher v. Apfel,
 
 210 F.3d 510, 512 (5th Cir.2000);
 
 Midland West Corp. v. FDIC,
 
 911 F.2d 1141, 1145 (5th Cir.1990). To the extent that a ruling was a reconsideration of a question of law, however, the standard of review is
 
 de novo. Tyler v. Union Oil Co.,
 
 304 F.3d 379, 405 (5th Cir.2002);
 
 Fletcher,
 
 210 F.3d at 512.”).
 

 III.
 
 Analysis
 

 Bradley contends that the circuit court improperly vacated its August 15, 2007, order because, she says, the language of § 11-42-100.1 imposes a mandatory duty upon the municipality to be annexed to conduct an election once the probate court certifies the petition and the annexing city has adopted a willingness ordinance. Bradley contends that § 11-42-100.1 does not allow the annexing city to rescind its willingness ordinance before the special election. Bradley recognizes that § 11— 42-100.1 does not explicitly address the situation here — when the annexing city rescinds a willingness ordinance before the special election — but she argues that “several facts and features” of the statute strongly imply that the City of Spring-ville’s rescission of its willingness ordinance is immaterial to the Town of Argo’s duty to conduct a special election on the question of annexation. Bradley’s brief at 20.
 

 First, Bradley notes that § 11-42-100.1(c) provides that the purpose of the filing of the petition with the probate court is to
 
 “mandatorily require an election
 
 to be held as herein provided_” (Emphasis added.) Second, Bradley asserts that nothing in § 11-42-100.1 or its structure implies that the mandatory character of the election disappears after the probate court has certified the petition and the annexing city has passed a willingness ordinance. Bradley notes that § 11-42-100.1(c) provides that after those two prerequisites are met “the governing body of the municipality to be annexed
 
 shall
 
 by resolution submit the question of annexation at a special election .... ” (Emphasis added.) Third, Bradley contends that the municipality to be annexed has a mandatory duty to hold the special election once the requirements of § ll-42-100.1(c) have been met because the statute specifies a definite time within which to hold the special election (“not less than 40 days nor more than 90 days after passage of the willingness ordinance, or after receipt of the petition certification, whichever event occurs last .... ”).
 

 Bradley further contends that § 11-42-100.1 implies that the adoption of a willingness ordinance is not subject to revocation after there has been
 
 final
 
 certification of the petition by the probate judge. She notes that § ll-42-100.1(c) provides that the “certificate of the judge of probate as to the sufficiency of said petition shall be
 
 final.”
 
 (Emphasis added.) Bradley argues that the term “final” implies that the probate court’s certification takes the process beyond the point where the initiators can change course and serves to prevent the withdrawal of a willingness ordinance.
 

 Bradley argues that the right to vote is contractual in nature and that, therefore, the circuit court’s vacation of its August 15, 2007, order allows the Town of Argo,
 
 *825
 
 by attempting to block the special election, to cause a violation of § 95 of the Alabama Constitution of 1901. Section 95 provides:
 

 “There can be no law of this state impairing the obligation of contracts by destroying or impairing the remedy for their enforcement; and the legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this state. After suit has been commenced on any cause of action, the legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit.”
 

 Lastly, Bradley asserts that the Town of Argo’s efforts to block the referendum by a pattern of alleged wrongful conduct makes relief important to the rule of law. Bradley then asserts eight instances of the Town of Argo’s allegedly wrongful conduct.
 
 [1]
 
 Bradley asserts that this Court’s assistance is needed in this matter in light of the Town of Argo’s past conduct because, she says, a citizen of the Town of Argo could never achieve compliance with § 11-42-100.1 and a referendum could never be held in a timely fashion.
 

 The Town of Argo contends that the circuit court properly vacated its August 15, 2007, order because, it says, the City of Springville had the authority to rescind its willingness ordinance before the special election. The Town of Argo contends that the plain language of § 11-42-100.1 does not provide or imply that the annexing city lacks the right to rescind an earlier adopted willingness ordinance. The Town of Argo further asserts that to construe § 11^42-100.1 as implying that the City of Springville lacks such a right would limit a municipality’s authority to act in its best interest.
 

 The Town of Argo then argues that the circuit court properly vacated its order requiring the Town of Argo to hold a special election, because, it says, the Town of Argo cannot proceed with a special election without a willingness ordinance from the City of Springville. The Town of Argo further asserts that an election held pursuant to § 11-42-100.1 when all the requirements of the statute have not been met would be void or voidable. See
 
 Bouldin v. City of Homewood,
 
 277 Ala. 665, 174 So.2d 306 (1965). Lastly, the Town of Argo contends that Bradley’s contention that the circuit court’s determination that the Town of Argo was not required to conduct a special annexation election violates Art. IV, § 95, Alabama Constitution 1901, is misplaced because, it says, the language of § 95 applies to the legislature’s power to determine the period within which an action may be brought and protects against the revival of an action once it is time-barred.
 

 This Court has not previously considered whether a municipality may rescind a willingness ordinance before the election on the question of annexation is held pursuant to § 11^42-100.1, and “[t]here is very little authority which discusses whether an annexation or detachment or
 
 *826
 
 dinance or resolution may be repealed.” 2 Eugene McQuillin,
 
 Law of Municipal Corporations
 
 § 7:39.38 at 843 (3d ed. rev. 2006). McQuillin goes on to state, however, that “[o]f the few cases that do decide the issue, most hold that the ordinance or resolution may be repealed .... ” See
 
 Vesenmeir v. City of Aurora,
 
 232 Ind. 628, 115 N.E.2d 734 (1953);
 
 Allen Parish Water Dist. No. 1 v. City of Oakdale,
 
 540 So.2d 564 (La.Ct.App.1989);
 
 Mitrus v. Nichols,
 
 171 Misc. 869, 13 N.Y.S.2d 990 (N.Y.Sup.Ct.1939); and
 
 State ex rel. Maxson v. Board of County Comm’rs of Franklin County,
 
 167 Ohio St. 458, 149 N.E.2d 918 (1958).
 

 We recognize the general rule that the power of the municipality to enact an ordinance implies the power to rescind an ordinance, but that the rescission of an ordinance is ineffective as to rights that were acquired under the ordinance and that have vested prior to its rescission. See 56 Am. Jur.2d
 
 Municipal Corporations
 
 § 370 (2000). In
 
 Vesenmeir,
 
 232 Ind. at 632, 115 N.E.2d at 737, the Supreme Court of Indiana held:
 

 “As a general rule a municipality which has been given the power to enact ordinances has, as a necessary incident thereto and without any express authorization in the statute, the power to modify or repeal such ordinances unless the power so to do is restricted in the law conferring it. The power is subject to the limitation that the repeal or change cannot be made so as to affect any vested rights lawfully acquired under the ordinance sought to be modified or repealed.”
 

 Because a municipality has the right to rescind an ordinance and § 11-42-100.1 does not explicitly restrict the annexing municipality from rescinding the willingness ordinance before the special election on the question of annexation, the circuit court properly recognized the City of Springville’s rescission of its willingness ordinance and vacated its August 15, 2007, order. We limit our holding that a willingness ordinance may be rescinded before the special election on the question of annexation to the extent that such rescission does not disturb any vested rights. Here, there is no evidence indicating that the Town of Argo had set a date for the special election or that it had disbursed any funds in anticipation of such an election. It is not necessary to decide in this case whether such evidence would have been sufficient to establish a vested right.
 

 Moreover, § 11-42-100.1 is dependent on the existence of a desire to consolidate on the part of at least one of the contiguous municipalities. Based on the circumstances here presented, we also need not decide whether the continued existence of a willingness ordinance at all stages is a jurisdictional issue. In view of the rescission of the willingness ordinance by the City of Springville at this early stage of the process provided for by § 11-42-100.1, the circuit court correctly concluded that the prerequisites of § 11-42-100.1 for a special election in the Town of Argo on the question of annexation have not been satisfied.
 

 IV.
 
 Conclusion
 

 Based on the foregoing, we affirm the circuit court’s judgment vacating its August 15, 2007, order.
 

 AFFIRMED.
 

 COBB, C.J., and SEE, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
 

 [1]
 

 . The eight instances of the Town of Argo’s allegedly wrongful conduct are: 1) insisting that the certification of the Probate Court of Jefferson County was also necessary; 2) its earlier appeal from the probate court's certification; 3) obtaining a stay of the certification while its earlier appeal was pending; 4) incurring additional debt for a new municipal building; 5) the litigation by the City of Springville to block the borrowing; 6) re-questmg and obtaining a stay of the August 15, 2007, order; 7) arguing that the City of Springville’s ordinance rescinding its willingness ordinance excused the Town of Argo from holding the annexation election; and 8) seeking to block inclusion in the record on appeal of the transcript of the July 26, 2007, hearing in which the circuit court dismissed the City of Springville’s action, case no. CV-07-138.