PARKER, Justice.
Paul R. Steinfurth (“Paul R.”) and Paul C. Steinfurth (“Paul C.”) (hereinafter collectively referred to as “the guarantors”) appeal from the denial by the Montgomery Circuit Court of their postjudgment motion requesting that a judgment entered against them and in favor of Ski Lodge Apartments, LLC (“Ski Lodge”), be amended insofar as the judgment held that the guarantors had waived their personal exemptions under § 6-10-123, Ala.Code 1975.

*108
Facts cmd Procedural History

The facts are undisputed. On or about February 18, 2009, Styles Manager, LLO (“Styles Manager”), purchased from Vintage Pointe Apartments, LLO (“Vintage Pointe”), an interest in an apartment complex located in Montgomery (“the apartment complex”). On February 13, 2009, as part of this transaction, Styles Manager executed a promissory note promising to pay Vintage Pointe $800,000 (“the promissory note”). Paul C. signed the promissory note in his official capacity as “manager” of Styles Manager. In pertinent part, the promissory note states:
“12. Renunciation and Assignment of E'xmnpUons. To the fullest extent allowed by law, the Maker hereby waives and renounces for itself, its legal representatives, successors and assigns, all rights to the benefits of any moratorium, reinstatement, marshaling, forbearance, valuation, stay, extension, appraisement, and exemption now provided, or which may hereafter be provided, by the Constitution or laws of the United States of America or of any state thereof, both as to itself and in and to all of its property, real and personal, against the enforcement and collection of the obligations evidenced by this Note. The undersigned hereby transfers, conveys, and assigns to the Holder a sufficient amount of such exemption, as may be set apart in bankruptcy, to pay this Note in full, with all cost of collection, and does hereby direct any trustee in bankruptcy having possession of such exemption to deliver to the Holder a sufficient amount of the property or monies set apart as exempt to pay the indebtedness evidenced hereby, or any renewal thereof, and does hereby appoint the Holder as the attorney-in-fact for the undersigned to claim any and all exemptions allowed by law.
[[Image here]]
“20. Loan Documents. As used herein, the term ‘Loan Documents’ shall refer to any and all documents or agreements executed in connection with or related to the loan evidenced by this ■ Note including, but not limited to, letters of credit, guaranties, security agreements and instruments, and financing statements (and any renewals, extensions and modifications thereof) whenever any such documents are executed.”
As security for the performance of the payment of the promissory note, the guarantors, in their individual capacities, executed a “guaranty of payment and performance” of the promissory note (“the guaranty agreement”). The guaranty agreement states, in pertinent part:
“A. Styles Manager, LLC, a Delaware limited liability company (the ‘Maker’), has requested that the Holder [(Vintage Pointe)] loan to the Maker the principal sum of EIGHT HUNDRED THOUSAND AND NO/lOt) DOLLARS ($ 800,000.00) (the ‘Loan’), to be evidenced by a Promissory Note of even date herewith (the ‘Note’) payable by the Maker to the Holder and such other documents as are more particularly set forth in the Note. As a condition to making the Loan (and as an obligation in the Purchase Agreement (as defined below)), the Holder has required that the Guarantor guarantee the Loan and any other obligations of the Maker to the Holder pursuant to the Loan Documents (as such term is defined in Note) executed in connection therewith, whether now existing or hereafter incurred.

U

“NOW, THEREFORE, in consideration of the foregoing recitals, and as an inducement to the Holder to make the Loan to the Maker, and as additional *109 security for the payment of the Loan and all interest thereon, all modifications, renewals and extensions thereof, and all other, indemnities, charges, expenses and any other indebtedness of any nature now existing and hereafter incurred by the Maker to the Holder in connection therewith or otherwise, and the performance of all other obligations of the Maker under the Note, the Loan Documents or any other obligations of any nature of the Maker to the Holder (the Loan and all othér indebtedness, liabilities, and obligations secured hereby being .hereinafter called ‘Obligations’), the Guarantor agrees and covenants with the Holder and represents and warrants to the Holder as follows:
' “1. The Guarantor héreby absolutely and unconditionally guarantees to the Holder when due (whether at stated maturity, by acceleration or otherwise), the regular, complete and punctual payment and performance of the Obligations. The Guarantor hereby further guarantees the prompt performance of any other obligations of any kind or character of the Maker to the Holder set forth in any of the Loan Documents, as the same may hereafter be amended by the Maker and the Holder, the consent of the Guarantor to which shall not be required, and upon failure of the Maker to timely do so, the Guarantor guarantees to the Holder the payment of all costs and expenses incurred by the Holder in performing such obligations. Further, the Guarantor guarantees the payment of all costs, reasonable attorney fees or expenses which may be incurred by the Holder, by reason of a default of the Maker under the Obligations.
. “Should an- Event of Default as defined in the Note (an ‘Event of Default’) occur, the Guarantor unconditionally promises to pay to the Holder such amounts and/or perform such Obligations as are necessary to cure the default, or at the option of the Holder, the Guarantor agrees to pay the entire indebtedness owed the Holder by the Maker at the time.of such default. .
U * ,
“2. The Guarantor represents and warrants to the Holder that: (a) the Guarantor has full power and unrestricted right to enter into this Guaranty, to incur the obligations provided for herein, and to execute and deliver this Guaranty to the Holder, and that when executed and delivered,.this Guaranty will constitute a valid and legally binding obligation of the Guarantor, enforceable in accordance with its terms; (b) this Guaranty is executed at the request of the Maker; (c) the Guarantor has established' adequate means of obtaining from the Maker on a continuing basis information pertaining’ to, and is now and on a continuing basis Will be completely familiar with, .the financial condition, operations, properties and prospects of the Maker; (d) the Guarantor has received and approved copies of the Note and' all other Loan Documents; and (e) no oral promises, assurances, representations or warranties have been made by or on behalf of the Holder to induce the Guarantor to execute and deliver this Guaranty.”
(Capitalization in original.) On September 8, 2010, Vintage Pointe assigned to Ski Lodge the “loan documents,” as that term is defined in the promissory note, set forth above (“the assignment”), including the promissory note and the guaranty agreement.
The parties agree that Styles Manager defaulted on the promissory note in January 2011. Pursuant to the, promissory note, the entire principal amount of the promissory note and all accrued interest *110 was then due on February 13, 2011. Neither Styles Manager nor the guarantors cured the default.
Accordingly, on September 27, 2012, Ski Lodge sued the guarantors, alleging breach of the guaranty agreement, .in order to collect the outstanding debt on the promissory note. Ski Lodge requested $804,333.36, together with additional accrued interest, in damages. In its complaint, Ski Lodge did not expressly allege that the guarantors had waived their right to a personal exemption. However, Ski Lodge did attach to its complaint copies of the loan documents, which include the promissory note and the guaranty agreement, and stated that each was “incorporated herein by reference.” The guarantors filed an answer on November 8, 2012.
On March 29, 2013, the guarantors filed counterclaims against Ski Lodge alleging misrepresentation and suppression. The guarantors also filed a third-party complaint 'against .Charles F. Mullins, Jr., the sole owner of Vintage Pointe at the time Styles Manager purchased the apartment complex, alleging claims of misrepresentation and suppression. Ski Lodge and Mullins filed answers to the respective claims filed against them by the guarantors.
On December 3, 2013, the guarantors filed a motion to dismiss, with prejudice, their counterclaims against Ski Lodge. In that same motion, the guarantors stated they
“no longer intend ... to defend themselves'against [Ski Lodge’s] claims made in the original suit. The [guarantors]'do not contest judgment entered against them on their personal guaranties in the amount of $1,057,490.09. Upon information and belief, this amount represents the principal and interest owed pursuant to the subject guaranties. The [guarantors] also do not contest an attorney’s fee added to this judgment in the amount of $158,623.51, which is 15 percent of the total amount owed through the date of this pleading.”
On the same day, the guarantors and Mullins filed a joint stipulation to dismissal, with prejudice, of the guarantors’ third-party claims against Mullins.
On December 9,' 2013, Ski Lodge and Mullins filed a response to the guarantors’ motions, submitting a proposed order to the circuit court granting the guarantors’ motion to dismiss its counterclaims against Ski Lodge and dismissing the third-party claims against Mullins. The proposed order included the following language pertinent to this appeal;
“Said judgment is entered with a waiver of exemptions under the Constitution and the laws of the United States of America, and any state thereof, according to the terms expressed in the Promissory Note and Guaranty of Payment and Performance which are the subject matter of this action, as the same were incorporated and adopted into the complaint.”
The guarantors objected to the above language of the proposed order, arguing that the proposed order “includes a declaration that there has been a waiver of exemptions under the- [promissory] [n]ote and [the] [g]uaranty [agreement].” The guarantors argued that the guaranty agreement, “which is the basis of the lawsuit against the [guarantors], does not contain a waiver of exemptions.” The guarantors further stated that they “agreed to the entry of a money judgment under the Complaint and the amount of the attorneys fees claimed in the proposed order, but have not agreed or consented to a declaration that they have waived any exemptions.” In response, Ski Lodge requested a hearing. Before the hearing, which was held on January 21, 2014, Ski Lodge and the guarantors submitted briefs to -'the circuit court *111 presenting their legal arguments on the issue whether the guarantors had waived their personal exemptions.
On February 11, 2014, the circuit court adopted as its final judgment the proposed order submitted by Ski Lodge and Mullins, which states:
“This cause [was] called for trial on January 21, 2014. No testimony was taken as the counsel for the parties stipulate that the'Motion for Dismissal of Counterclaims and Notice of Non-Contesting for Entry of Judgment filed by the [guarantors] is dispositive of any disputed issues of fact to be tried.
“Having read and considered the motion, the briefs, oral arguments of counsel, and based upon a review of all pleadings and evidence in the record in this cause, it is hereby ORDERED, ADJUDGED AND DECREED as follows:
“1. The counterclaim- filed by [the guarantors] against :.. Ski Lodge ... is hereby dismissed with prejudice, with the costs to be taxed as paid. The court notes that a separate Joint Stipulation for Dismissal has been filed with respect to the third-party claim- asserted in this cause by the [guarantors] against Charles F.; Mullins, Jr., an individual.
“2. Judgment is hereby entered in favor of Ski Lodge ... and against the [guarantors], jointly and severally, for the principal sum of Eight Hundred Thousand and No/100 Dollars ($800,-000.00), together with pre-judgment interest iii the amount of Two Hundred Fifty-Seven Thousand Four Hundred Ninety and 09/100 Dollars ($257,490.09), as calculated to December 3, 2013, the date of the [guarantors’] pleading giving notice of non-contesting for entry of judgment; • Said judgment is entered pursuant to Alabama law with a waiver of exemptions, according to the terms expressed in the [promissory [n]ote and [the] [g]uaranty [agreement] which are the subject matter of this action, as the same were incorporated and adopted into the complaint. This finding is made overruling the [guarantors’] objection in their brief and oral argument on the issue of whether the [guarantors] waived exemptions and that the waiver was not properly [pleaded]. The court specifically finds that the waiver of exemptions does not constitute a waiver of any homestead exemption rights.
“3. Pursuant to § 8-8-10, Code of Alabama [1975], and in accordance with the terms of the promissory .note upon which this action was based, post-judgment interest shall accrue at the rate of 13 percent.
“4. Further, th§ court finds that an attorney’s. fee in the amount of One Hundred Fifty-Eight Thousand Six Hundred Twenty-Three and 51/100 Dollars ($158,623.51) is awarded to [Ski Lodge] and to which the [guarantors] do not contest the reasonableness of said fee.
“WHEREFORE, judgment is entered for the total sum of $1,216,113.60, upon which execution may issue, with waiver of exemptions.”
(Capitalization in original.)
On March 12, 2014, the guarantors filed a Rule 59(e), Ala. R. Civ. P., motion to alter, amend, or vacate the circuit court’s judgment insofar as the circuit court held that the “judgment is entered pursuant to 'Alabama law with a waiver of exemptions, according to the terms expressed in the [promissory [n]ote and [the] [g]uaranty [agreement] which are the subject matter of this action, as the same were incorporated and adopted into the complaint.” The guarantors argued that “waiver was not properly [pleaded]” and that the guaranty agreement did “not provide for waiver of exemptions by” the guarantors.
*112 On March 19, 2014, the circuit court denied the guarantors’ postjudgment motion. The guarantors appealed.

Stmdard of Review

In Kappa Sigma Fraternity v. Price-Williams, 40 So.3d 683, 694 (Ala.2009), this Court stated:
“‘Whether to grant relief under Rule 59(e), Ala. R. Civ. P., is within the trial court’s discretion.’ Bradley v. Town of Argo, 2 So.3d 819, 823 (Ala.2008). However, when the facts are, undisputed and the ‘ “ruling [is] a reconsideration of a question of law, ,.." the standard of review is de novo.’” 2 So.3d at 824 (quoting Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem, & Energy Workers Int’l Union Local 4-487, 328 F.3d 818, 820 (5th Cir.2003), applying the analogous Rule 59(e), Fed. R.Civ.P.).”

Discussion '

The guarantors argue that the circuit court erred for two reasons in holding that the guarantors had waived their personal exemptions. First, the, guarantors argue that Ski Lodge .did not plead that, .the guarantors had waived their personal exemptions. Second, the guarantors recognize that Styles Manager, the maker of the promissory note, waived its exemptions in the promissory note, but the guarantors argue that the guaranty agreement, which they personally signed, does not provide for a waiver of their personal exemptions. We address the guarantors’ arguments in turn.
First, the guarantors argue that § 6-10-123 requires that a plaintiff alleging that a defendant has waived his personal exemptions plead waiver in the plaintiffs complaint. Section 6-10-123 states:
“In any civil action, in which a waiver of the right of homestead or other exemption is sought to be enforced, the fact of waiver and its extent must be averred in the complaint or petition and by appropriate pleading may be controverted. If such averment is sustained, the fact of waiver and its extent must be declared in the judgment and endorsed on the execution or other process issued thereon. Such waiver shall extend to the costs of the action.”
Ski Lodge argues to this Court, as it did below, that its attachment of the loan documents and its express incorporation of those documents into its complaint satisfied the requirements of § 6-10-123. In so arguing, Ski Lodge relies upon Pierce v. Grant, 652 So.2d 284 (Ala.Civ.App.1994), and upon Rule 10(c), Ala, R. Civ. .F., which states: “Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.”
In Pierce, a‘garnishment case, a lessor sued a lessee to enforce a lease, which undisputedly contained a waiver of the lessee’s personal exemptions. The lessor’s complaint included the following boilerplate language from the lease: “‘[T]he lessee hereby waives all right which lessee may have under the Constitution and Laws of the'State of Alabama or any other State of the United States, to have any personal property of the lessee exempt from levy or sale or other legal process.’ ” 652 So.2d at 285. The lessor did not attach a copy of the lease to his complaint. The lessee did not answer the complaint. The lessor then filed “an application for entry of default and default judgment” against the lessee. 652 So.2d at 285. A copy of the lease was attached to the lessor’s application for entry of default. The trial court granted the lessor’s application and entered a default judgment against the lessee.
*113 The lessor then filed a motion to amend the default judgment, noting that the default judgment did not state that the lessee had waived his personal exemptions; the lessor requested that the trial court alter-its judgment to include a determination that the lessee had waived his personal exemptions. The trial, court granted the lessor’s motion and amended the judgment. The lessee then filed a motion to alter, amend, or vacate the trial court’s order, which the trial court denied. The lessee appealed.
On appeal, the lessee argued “that the, conditional nature of the averment of the waiver of exemption contained in the complaint was not sufficient to comply with the requirements of Ala.Code 1975, § 6-10-128.” 652 So.2d at 258. The lessor argued “that the averment in his complaint was sufficient to comply with the requirements of § 6 — 10—123 because the lease which was signed by [the lessee] and which contained the waiver, of exemption was adopted by reference pursuant to Rule 10(c), A[la]. R. Civ. F.” Id. The lessor also argued “that the averment in his complaint was sufficient to place [the lessee] on notice that a waiver of exemption was being claimed.” Id.
The Court of Civil Appeals disagreed with the lessor, stating:
“As previously noted, [the lessor]' filed a complaint which contained boilerplate language to the effect that if the contract contained a waiver of exemption, then [the lessor] was claiming, the benefit of that provision of the contract. [The lessor’s] attorney testified at the February 25,1994, hearing that the language contained in the complaint regarding the waiver of exemption is standard language included in all of his complaints. [The lessor’s] attorney also testified that he -could not recall- whether he had the lease in . hand when, he filed the complaint in the present case. It-.does not appear from our review of the record that a copy of the August 1990. lease. was. attached to the complaint, which was-filed with -the court and, ultimately, -was served upon [the lessee]. [The lessee] could have thought that there was no waiver of exemption in the lease he executed. Without'a specific averment contained in the complaint or a copy of the lease attached to the' complaint, we cannot say with any certainty that [the ’lessee] was ‘on notice’ that a waiver of exemption was being claimed.
“Further, it does not appear that the averment contained in [the lessor’s] complaint was sufficient to place the court and the clerk on notice that a waiver of exemption was claimed, as there was no mention óf a waiver of exemption in the court’s [default] judgment of February 12,19931”
652 So.2d at 286 (emphasis added).
In the present case, Ski Lodge did not specifically aver in its complaint that the guarantors had waived their- personal exemptions.- However, Ski Lodge did attach to -its complaint the loan documents and stated that it was incorporating the loan documents into its complaint. Accordingly, Ski Lodge satisfied the standard set forth in; Pierce, that, in order to place the defendant on notice that the plaintiff is claiming that the defendant- waived his or her personal exemptions, the plaintiff must include a, “specific averment”, in the complaint or a copy of the document containing the defendant’s waiver of his or her personal exemptions. See Rule 10(c) (“A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'’ (emphasis added)); see also 1 Champ Lyons, Jr., and Ally Windsor Howell, Alabama Rules of Civil Procedure Annotated 10.6 (4th ed. 2004) (“Ala. R. Civ. *114 P. Rule 10(c) expressly provides that the exhibit is then a part of the pleading for all purposes.” (emphasis added)). Therefore, the guarantors’ argument that. Ski Lodge “did'not plead waiver in its complaint, such that-[the guarantors] did not have the opportunity to appear and contest it” is unpersuasive.
Moreover, we note that the guarantors did, in fact, receive notice that Ski Lodge, was claiming that the guarantors had waived their personal exemptions and that the guarantors did, in fact, appear and contest their alleged waiver of those exemptions before the circuit court entered its final judgment. The guarantors argue that the attachment of the loan documents to Ski Lodge’s complaint was not sufficient to comply .with the requirements of § 6-10-123. The guarantors state that Ski Lodge “did not plead waiver in its complaint, such that [the guarantors] did not have the opportunity to appear and contest it.” Guarantors’ brief, at 7. As set forth above, after the guarantors consented to a judgment being entered against them, Ski Lodge presented a proposed order to the circuit court that included language holding that the guarantors had waived their, personal exemptions. Before the circuit court entered its final judgment, the guarantors ' objected to the proposed order based oh the language indicating that they had waived their personal exemptions. As a result, the circuit court ordered a hearing on the issue and ordered the parties to submit briefs addressing the issue before the hearing.- Only -after the guarantors had had the opportunity to raise their concerns in writing and at the hearing did the circuit court enter its final judgment, which included the holding that the guarantors had waived their personal exemptions. Therefore, even if Ski Lodge’s complaint had failed to meet the requirements of § 6-10-123, the guarantors nonetheless received notice that Ski Lodge was alleging that they had waived their personal exemptions and had the opportunity to be heard concerning this matter. For this reason as well, the guarantors’ argument is unpersuasive.
Next, the guarantors argue that the guaranty agreement, which they executed, “does not provide for a waiver of exemptions by the ... guarantors.” Guarantors’ brief, at 8. It is undisputed that the promissory note is the only document that includes a waiver of exemptions; the guaranty agreement contains no such waiver. It is also undisputed that the promissory note was executed only by Paul C. and only in his official capacity as manager of Styles Manager; neither Paul C. nor Paul R. signed the promissory note in his individual capacity. Thus, the guarantors argue that they did not waive their personal exemptions by signing the guaranty agreement.
In response, Ski Lodge argues that the loan documents must be read together and that “[i]t is abundantly clear from the plain meaning of the language of the contractual instruments, the [pjromissory [n]ote and the [g]uaranty [agreement], read together as part of a single transaction, that the trial court properly found that the Stein-furths had waived their personal exemptions in writing as required by law.” Ski Lodge’s brief, at 16. In so arguing, Ski Lodge notes the undisputed fact that the promissory note contains a waiver of Styles Manager’s personal exemptions. Ski Lodge then directs this Court’s attention to the several instances in the guaranty agreement that state that the guarantors agree to perform the “obligations” of Styles Manager if Styles Manager defaults on the promissory note. The entire crux of Ski Lodge’s, argument is that those “obligations” in the guaranty agreement the guarantors agreed to perform include the *115 waiver, in the promissory note, of Styles Manager’s personal -exemptions. Ski Lodge argues: “The Steinfurths not only obligated themselves to make payment under the promissory note in the event of default, in their individual capacities, but also to perform all obligations of the note, including, we contend, the waiver of personal exemptions.” Id., at 12. We disagree with Ski Lodge’s argument.
The guaranty agreement requires the guarantors to perform all “obligations” Styles Manager had under the promissory note; the term “obligations” in the guaranty agreement does not, however, include Styles Manager’s waiver of personal exemptions in the promissory note. In Broadway v. Household Finance Corp. of Huntsville, 351 So.2d 1378, 1377 (Ala.Civ.App.1977), the Court of Civil Appeals stated:
“The [Alabama Supreme Court] further said in Neely v. Henry, 63 Ala. 261 (1879),‘A waiver of exemption is a contract, and it must be construed, and have the operation and effect of other contracts.’ Whether there has been a waiver may be determined from a fair and reasonable construction of the contract. Terrell & Vincent v. Hurst, Miller & Co., 76 Ala. 588.(1884). Tit. 7, § 707 [now § 6-10-121, Ala.Code 1975,] provides that the waiver may be made by separate instrument in writing subscribed by the party, or it may be included in any promissory note, or other written contract- executed by him. Though contained tfier 'ein, the tvaiver is not a part of the obligation of the note but is an additional agreement which the maker enters into and must be so pleaded in suit. Scarbrough v. City Nat’l Bank, 157 Ala. 577, 48 So. 62 (1908). There must be an adjudication of the fact of waiver and its extent or judgment may not be entered thereon even though there is judgment on the obligation of the note. A.G. Story Mercantile Co. v. McClellan, 145 Ala. 629, 40 So. 123 (1905).”
(Emphasis added.) The Court of Civil Appeals in Broadway, relying upon this Court’s decision in Scarbrough v. City National Bank, 157 Ala. 577, 48 So. 62 (1908), held that a waiver in a promissory note is not part of the obligation of the promissory note, but is an additional agreement that the maker of the promissory note enters into. See Scarbrough, 157 Ala. at 583, 48 So. at 64 (“The waiver of the exemptions is no part of the obligation of the note, but simply an additional agreement which the maker of the note makes.”). As stated above, the guarantors did not sign the promissory note in their individual capacities; only Paul C. signed the promissory note, and he signed it in his official capacity as manager of Styles Manager. Therefore, Ski Lodge’s argument is unavailing. The fact that the guarantors agreed to perform all of Styles Manager’s obligations under the promissory note, in the event that Styles Manager defaulted on the promissory note, did not include Styles Manager’s waiver of its personal exemptions because a waiver is not an obligation of a promissory note.
Lastly, related to'its argument that the loan documents -must be read together, we note that Ski Lodge also argues that “contractual documents executed at the same time on the same subject matter constitute one and the same contract.” Ski Lodge’s brief, at 13. Although Ski Lodge does not explicitly say as much, it appears that Ski Lodge may be arguing that the guarantors have waived • their* personal exemptions based on Styles Manager’s waiver in the promissory note because, by signing the guaranty agreement,' the guarantors essentially signed the promissory note. However, Ski Lodge appears to abandon this' argument immediately after asserting *116 it because Ski Lodge relies exclusively on language in the guaranty agreement to support its argument that the guarantors waived their personal exemptions. Out of an abundance of caution, , we will address what we perceive to be a potential argument asserted by Ski Lodge.
Ski Lodge relies upon. Beaver Construction Co. v. Lakehouse, L.L.C., 742 So.2d 159, 166 (Ala.1999), in making its argument, which states in pertinent part: “A familiar rule of contract law holds that ‘[wjhere a written contract refers to another instrument and makes the terms and conditions of such other instrument a part of it, the two will be construed together as the agreement of the parties.’ 17A Am. Jur.2d Contracts § 400 (1991).” (Emphasis added.) Beaver does not support Ski Lodge’s assertion that the promissory note and the guaranty agreement are “one and the same contract,” nor does any other general authority relied upon by Ski Lodge. Under Beaver, in order for the guaranty agreement to fully incorporate the terms and conditions of the promissory note, the guaranty agreement would have to refer to the promissory note — which it does — and make the terms and conditions of the promissory note a part of the guaranty agreement — which it does not. The guaranty agreement does not incorporate the terms of the promissory note as part of the guaranty agreement. In fact, the guaranty agreement states:
“11. This Guaranty constitutes the entire agreement and supersedes all pri- or agreements and understandings both oral and written between the parties with respect to the subject matter hereof. This Guaranty may' be executed in any number of counterparts, each of which shall be deemed an original, but such counterparts together shall constitute one and the same instrument.”
Therefore, we reject Ski Lodge’s argument that the promissory noté and the guaranty agreement are “one and the same contract.” The terms and conditions of the promissory note were not incorporated into the guaranty agreement.

Conclusion

The circuit court’s holding that the guarantors waived their personal exemptions was in error. Accordingly, we reverse the circuit court’s judgment and remand the matter for proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and STUART and WISE, JJ., concur.
SHAW, J., cohcurs in part and concurs in the result.