SHAW, Justice
(concurring in part and concurring in the result).
I do not believe that Pierce v. Grant, 652 So.2d 284 (Ala.Civ.App.1994), stands for the proposition that attaching to a complaint certain documents evidencing a waiver of an exemption is sufficient to comply with the requirements of Ala,Code 1975, § 6-10-123.[1]
In Pierce, the complaint referred to the possible existence of a waiver of an exemption: “Tn the event Plaintiffs contract contains a clause allowing for waiver of exemption ..., Plaintiff hereby claims the *117 benefit of said provision.’” 652 So.2d at 285. That reference, characterized as an “averment” by the appellate court, was conditional:. “[The complaint] contained boilerplate language to the effect that if the contract[, which was a lease,] contained a. waiver of exemption, then [the plaintiff] was claiming the. benefit of that provision of the contract.” 652 So.2d at 286 (emphasis added). No copy of the contract was included with the complaint. In concluding that there was insufficient notice of a waiver under § 6—10—123, the court stated: “Without a specific averment contained in the complaint or a copy of the lease attached to the complaint, we. cannot say with any certainty that Pierce was ‘on notice’ that a waiver of exemption was being claimed.” Pierce, 652 So.2d at 286.
. Pierce does not hold that attaching “a copy of the lease” to the, complaint would alone be sufficient to satisfy § 6-10-123; instead, it holds that attaching a copy of the lease in conjunction with the conditional averment in .the complaint would be sufficient. Thus, later in Pierce, the court states: “[T]he boilerplate language contained in the complaint, without the lease being attached to the complaint, was not sufficient to place [the defendant] on notice that [the plaintiff] was seeking to enforce a waiver of exemption, particularly in view of § 6-10-123.” 652 So.2d at 287 (emphasis added). I read Pierce to hold that compliance with § 6-10-123 would have been accomplished with either the “specific averment” or the “boilerplate language”/conditional averment in combination with the attachment of the document containing the waiver.
This view of Pierce complies with the language of § 6-10-123, which requires that, when a “waiver ... is sought to be enforced,” the existence of the waiver “must be averred.” To “aver" is “to declare or assert; to set distinctly and formally; to allege.” Black’s Law Dictionary 135 (6th ed.1990). The complaint in this case did not allege, declare, assert, or state distinctly and formally that a waiver existed under § 6—10—123 (or that Ski Lodge Apartments, LLC (“Ski Lodge”), sought to enforce it). Although it is true that the actual written waiver found in the loan documents was considered, by virtue of Rule 10(c), Ala. R. Civ. P., to be “part” of the pleadings, I do not believe that this constitutes placing the party on notice under § 6-10-123 that the existence of the “waiver and its extent” was averred or that it was “sought to be enforced.”
Despite my disagreement with the main opinion’s interpretation of Pierce, I agree with the alternate rationale that the guarantors nevertheless received notice that Ski Lodge was claiming that the guarantors had waived ah exemption. The guarantors’ brief quotes Fears v. Thompson, 82 Ala. 294, 2 So. 719 (1887), which, in examining a predecessor statute to § 6-10-123, stated: “The design of the statute is, to provide the mode by which the claim of the waiver of exemptions may be regularly and appropriately presented in the pleadings, so that issue thereon may be joined, and the defendant have opportunity to appear and contest it.” 82 Ala. at 296, 2 So. at 720 (emphasis added). Here,'as demonstrated by the main opinion, the guarantors had the opportunity to “contest” the waiver. No authority is cited for the proposition that such a waiver cannot be enforced when it is not pleaded even if, as in this case, the party had the opportunity to contest it. Therefore, the failure to comply with § 6 — 10—123 does not control the outcome of this caée, and the discussion of the Pierce decision appears to be dictum.
I concur in the result as-to the issue whether Ski Lodge complied with' § 6-10- *118 123. As to the remainder of the main opinion, I concur.

. Section 6-10-123 provides:
“In any civil action, in which a waiver of the right of homestead or other exemption is sought to be enforced, the fact of waiver and its extent must he averred in the complaint or petition and by appropriate pleading may be controverted, If such averment is sustained, the fact of waiver and its extent must be declared in the judgment and endorsed on the execution or other process issued thereon. Such waiver shall extend to the costs of the action,”